## LIVINGSTON *v.* PUGSLEY.

### Opinion delivered June 12, 1916.

1. RES ADJUDICATA—ACTION ON MORTGAGE.—A judgment in a former case which did not involve the validity of the mortgage, but which turned entirely upon the question of the mortgagee's right to purchase without having furnished an itemized account, will not bar a right of action to foreclose the mortgage.

2. CONTRACTS—INTERPRETATION—PAROL EVIDENCE.—While the terms of a contract can not be extended by parol evidence, such evidence may be admitted to show the circumstances under which the contract was executed, in order to construe the language thereof.

3. MORTGAGES—TERMS—EXTENT OF INDEBTEDNESS SECURED.—A mortgage recited that it was given as security "for all other moneys, advances, goods, wares, merchandise, supplies, services, etc., furnished by the parties of the second part to the parties of the first part." *Held,* the language used was broad enough to embrace an indebtedness to either of the parties, or a joint indebtedness to both.

Appeal from Clay Chancery Court, Western District, *Chas. D. Frierson,* Chancellor; affirmed.

*G. B. Oliver,* for appellants.

1. The mortgage did not cover *individual* indebtedness. This was a joint contract; a unilateral contract, and Pugsley could not sue alone. Kirby's Digest, §§ 4420, 6010; 27 Cyc. 1044, C; *Ib.* 1564, b; 8 *Id.* 88 v; 15 Enc. Pl. & Pr. 528; 9 Cyc. 655, 656, note 40; 5 A. & E. Enc. Law, 956 (5), b; 67 Ark. 27; 93 *Id.* 447; 91 *Id.* 10.

2. Parol evidence was inadmissible to show that the mortgage was given to secure an individual debt.

17 Cyc. 567, 586, 627, 708; 66 Ark. 393; 95 *Id.* 131; *Ib.* 458.

3. The former judgment was *res judicata.* Defendant must set up every defense he had, legal or equitable. 76 Ark. 423; 77 *Id.* 379; 79 *Id.* 185; 84 *Id.* 92; 117 *Id.* 492. If defendant had a valid mortgage he was entitled to retain possession, even if he had not served plaintiff with a verified, itemized account. 65 Ark. 316, 319.

*T. J. Crowder,* for appellee.

1. This was not a *joint* debt. Sutton claimed no interest except to indemnify him against loss as surety on the note. This is a suit in equity, and appellants having bought the goods and admitted the debt cannot procure relief without doing equity.

2. The plea of *res judicata* was properly overruled. There never was a trial on the merits, the judgment was based solely upon the fact that no itemized account was rendered before suit, as required by statute. The validity of the mortgage as a security for Pugsley's debt was not in issue. Appellants do not deny the debt and the decree is right and should be affirmed.

McCULLOCH, C. J. This is an action instituted at law originally by appellee against appellants to recover possession of certain personal property for the purpose of foreclosing a chattel mortgage executed by appellants, and on motion of appellants the cause was transferred to the chancery court and there proceeded to a final decree in appellee's favor foreclosing the mortgage.

Appellee was a merchant engaged in business at Knobel, Clay County, Arkansas, and appellants were farmers living in that vicinity. Appellants rented land from J. N. Sutton and they ran an account with appellee for supplies furnished to enable them to carry on their farming operations. They became indebted to appellee and borrowed $700 from a bank at Paragould to use in paying off appellee's debt, and for other purposes. Appellee and Sutton endorsed the note of appellants to the bank

and appellants executed to them a note for a like amount ($700), and also executed a chattel mortgage to secure that note.

The mortgage contains the following recital with respect to the indebtedness secured thereby: "Whereas, the parties of the first part are indebted to the parties of the second part in the sum of $700, payable as follows, towit: January 1, 1914, with 10 per cent. interest from date, and for all other moneys, advances, goods, wares, merchandise, supplies, services, etc., furnished by the parties of the second part to the parties of the first part up to the foreclosure of this instrument, with interest at the rate of 10 per cent. per annum from date of furnishing until paid. In the event any default shall be made in any of the payments, either principal or interest, as above set forth, then all shall become due and payable at once. Now, therefore, if the parties of the first part shall well and truly pay to the parties of the second part the sum hereinafter mentioned, and all other indebtedness which may then be due the parties of the second part by the parties of the first part, together with the costs of this trust, on or before the maturity hereof as above set out, then this conveyance shall be void, otherwise to remain in full force and effect."

Appellants opened an account with appellee a few days after the execution of the mortgage and the indebtedness involved in the controversy was incurred, being evidenced by the books kept by appellee. There is no controversy involved on this appeal as to the amount. Appellants paid the note to the bank at maturity and called upon appellee and presented the note and demanded the surrender of the note and mortgage executed to appellee and Sutton. Appellee surrendered the note to appellants, but refused to surrender the mortgage on the ground that he was entitled to hold it as security for the account. Subsequently appellee in some way obtained possession of the mortgaged chattels, and appellants instituted an action at law against him to recover

possession, and a trial of the case resulted in a verdict and judgment in favor of appellants.

(1) There is a plea of *res adjudicata* in the present case, and the record of the former action and judgment therein were introduced in support of that plea. It appears from the record of the trial of the former case that it was submitted to the jury on instructions which related entirely to the question of the right of appellee to foreclose the mortgage without furnishing an itemized account in accordance with the statute, and upon that issue the verdict of the jury was in favor of appellants.

It is earnestly insisted that the chancellor should have sustained the plea of *res adjudicata* on the ground that notwithstanding the fact that the former judgment between the parties was based entirely upon the right to foreclose the mortgage without having complied with the statutory requirements, yet appellee could have asserted his right of foreclosure and protected his possession under the mortgage, and that his failure to do so does not prevent the judgment becoming conclusive of the rights of the parties. We are of the opinion that the position of the appellants is not sound, and that the court was correct in refusing to sustain the plea. There was no issue made in the former case as to the validity of the mortgage, but the decision turned, as before stated, entirely upon the question of the right of appellee to foreclose the mortgage without having furnished an itemized account. The decision of that question may or may not have been erroneous, but it did not bar appellee's right of action to foreclose the mortgage, for that question had never been tried out as an issue.

In *McCombs* v. *Wall,* 66 Ark. 336, the court said: "To render a judgment in one suit conclusive of a matter sought to be litigated in another, it must appear, by the record or by extrinsic evidence, that the particular matter sought to be concluded was raised and determined in the prior suit." To the same effect see the case of *Fogel* v. *Butler,* 96 Ark. 87, where we held that a judg-

ment restraining the defendant from interfering with the plaintiff's right to cut timber "from what is known as the second bench on certain land, without determining what the 'second bench' was, will not preclude the defendant from litigating the question as to what was meant by the words 'second bench' in such contract and judgment."

This court also held in *Fourche River Lumber Co.* v. *Walker,* 96 Ark. 540, that "the rule that a valid decree in a suit cuts off all defenses which might have been pleaded therein refers only to such matters as properly belonged to the subject of the controversy and are within the scope of the issues." See also *Pulaski County* v. *Hill,* 97 Ark. 450.

(2-3) It is also contended that the mortgage did not cover the individual indebtedness of appellants to appellee Pugsley, but that its language was only sufficient to cover indebtedness from appellants to Pugsley and Sutton. Appellants rely upon the principle that the terms of a mortgage cannot be extended by parol testimony. In that respect a mortgage is like any other contract. Counsel also rely upon authorities to the effect that the promise made to several jointly, cannot be enforced as a separate obligation to one of the obligees. Those principles have no application to the present case, for it is merely a question here of interpretation of the contract of the parties. While the terms of the contract cannot be extended by parol evidence, such evidence may be admitted to show the circumstances under which the contract was executed in order to construe the language thereof. *Moore* v. *Terry,* 66 Ark. 393. The mortgage recites that it is given as security "for all other moneys, advances, goods, wares, merchandise, supplies, services, etc. furnished by the parties of the second part to the parties of the first part." The language is broad enough to embrace an indebtedness to either of the parties or a joint indebtedness to both.

'The evidence which was competent for the court to hear and consider, shows that appellee and Sutton were not engaged in any joint enterprise except the single one of becoming surety for appellants on the note to the bank. Appellee was a merchant and Sutton was a farmer, and there is nothing in the record to show that they were jointly interested in their business relations with appellants. On the contrary, the proof is that appellants opened up an account with appellee very soon after the execution of the mortgage. Now, when these facts are considered, as they may be in interpreting the language of the contract, it is clear that the mortgage was intended as security to either of the parties for any indebtedness that appellants might incur. The language is adapted to such transactions as they were likely to have with either of them—with Sutton as their landlord or with appellee as their merchant.

We are convinced upon the whole that the chancellor was correct in his decision, and the decree is affirmed.