McCLINTOCK *v.* SKINNER & COMPANY.

Opinion delivered January 8, 1917.

1. EVIDENCE—PROOF OF CONSIDERATION—WRITTEN AGREEMENT—PAROL EVIDENCE.—The recitals and consideration named in a deed or mortgage cannot be contradicted by parol evidence for the purpose of defeating the conveyance, but it is competent to prove by such evidence that the consideration has not been paid as recited, or to establish that other considerations not recited in the deed were agreed to be paid, when such evidence does not contradict the terms of the writing.

2. HUSBAND AND WIFE—WIFE'S CHATTELS—ACTS OF OWNERSHIP BY HUSBAND.—Where a married woman permits her husband to hold her chattels, and deal with them as his own, she will be estopped, as against his creditors, to claim them as hers.

3. CHATTEL MORTGAGES—MORTGAGE BY HUSBAND—ASSUMPTION BY WIFE.—Where a husband mortgaged certain mules belonging to him, a release of the mortgage by the mortgagee is a sufficient consideration for an assumption of the debt by the wife.

Appeal from Clay Circuit Court, Western District; *J. F. Gautney,* Judge; affirmed.

STATEMENT BY THE COURT.

Mrs. W. I. McClintock instituted this action before a justice of the peace against C. E. Skinner & Company and W. D. Polk to recover two mules which she claims they wrongfully took possession of and converted to their own use. There was a verdict and judgment for the plaintiff in the justice court and the defendants appealed to the circuit court.

In the circuit court the evidence was substantially as follows:

On the 18th day of April, 1914, Mrs. W. I. McClintock executed a chattel mortgage on the mules in controversy and on her crop to C. E. Skinner & Company, and at the same time she executed to them a note for $200.00, due and payable on or before the first day of November, 1914. The note was recited in the mortgage and the mortgage further recited that Skinner & Company agreed to furnish Mrs. McClintock supplies to be used in planting and cultivating her crops of corn

and cotton. The mortgage also contains a condition as follows:

"Now if I shall pay said aforementioned indebtedness together with the accrued interest thereon, according to the terms expressed in said note, and shall also pay to the said C. E. Skinner & Company all other indebtedness owing by me to him for supplies furnished as aforesaid, or by any other lawful claims or demands which he may have against me at any time prior to the foreclosure of this mortgage, together with the costs of execution and recording of this instrument, then this mortgage shall be void."

Mrs. McClintock purchased supplies from Skinner & Company to the amount of $164.83. Skinner & Company also charged her up with $113.28 which was the debt of her husband and which had been secured by him by a mortgage on the same mules in the year 1913. W. I. McClintock owed Skinner & Company $113.28 at the time of his death, which was on the 31st day of December, 1913. He did not own $300.00 worth of property at the time of his death. Mrs. McClintock gathered her cotton crop and turned it over to Skinner & Company in the fall of 1914. The cotton was sold and she was credited with the sum of $200.89.

Mrs. McClintock testified that the mules belonged to her; that she gave to W. I. McClintock the money with which to purchase these mules in 1905, and that he purchased them for her; that in 1906, they were married and lived together until her husband's death as above stated; that she continued to trade with Skinner & Company because her husband had always traded there; that in the fall of 1914, she concluded to sell the mules but that Skinner & Company sent her word that there was a balance due on her mortgage and that she turned the mules over to them in payment therefor; that they never gave her an itemized account of her mortgage debt and that she did not know at the time she turned the mules over to them that they had charged her with the $113.28, which was the debt of her husband; that Skinner & Company did not tell her

that her husband owed them anything at the time she signed the note and mortgage and that she never agreed to pay the debt of her dead husband.

On the other hand, it was proved by Skinner & Company that Mrs. McClintock agreed to pay the $113.28 which her husband owed them at the time she executed the mortgage and that this sum was a part of the $200.00 note executed by her on that occasion; that the remainder of the note was for supplies already furnished to her by Skinner & Company and for supplies to be thereafter furnished her by them.

Evidence was introduced by both parties to corroborate their theory of the case. There was a verdict and judgment for the defendants and the plaintiff has appealed.

*C. T. Bloodworth*, for appellant.

1.    There is no legal evidence to support the verdict.    It is uncontradicted appellants' supplies only amounted to $164.83, and that the cotton crop paid $200.89; more than she owed. She never assumed her husband's mortgage debt.

2.    It was error to admit in evidence the mortgage of her husband and to permit C. E. Skinner to testify that her mortgage "secured the balance due on the W. J. McClintock account." The security only extends to the debts set forth in the instrument. While parol evidence may be admitted to show the circumstances under which an instrument in writing is executed, yet when it is clear and unambiguous, it is inadmissible to vary or contradict its terms. 12 Ark. 428; 22 *Id.* 227; 30 *Id.* 753; 55 *Id.* 571; 50 *Id.* 259; 55 *Id.* 353; 66 *Id.* 399; 91 *Id.* 463.

3.    The court erred in its instructions to the jury. Cases *supra*. It was also error to permit appellee to introduce various mortgages given by her husband to J. M. Hawks. These only served to confuse the issues.

4.    The introduction of the itemized statement in which Skinner placed the item "Bal. W. I. McClintock acc't assumed under mortg.," was prejudicial. The

mortgage was the only instrument competent to look to for proof of the assumption of her husband's debt. McClintock died with less than $300 worth of personal property, and the mules became the wife's property, regardless of who purchased them.

*J. N. Moore*, for appellees.

1.   The evidence is ample to support the verdict. If there was error in the admission of testimony it was invited error.  75 Ark. 251; 77 *Id.* 464; 66 *Id.* 292, 588.

2.   But it was not error to prove the consideration of the mortgage by parol.  99 Ark. 218; 75 *Id.* 89; 66 *Id.* 513; 90 *Id.* 426; 18 *Id.* 65, and many others.  The evidence did not contradict the mortgage but only tended to show what items entered into the consideration.  By her own contention she would still owe $163.11.

3.   There is no error in the instructions as to the title to the mules.  They follow the law.  The case is a bundle of inconsistencies on the appellant's part, lacking even plausibility and without merit.  The verdict is for the right party.

Hart, J. (after stating the facts).   It is insisted by counsel for the plaintiff that there is no evidence legally sufficient to support the verdict.

Defendants furnished supplies to plaintiff in the sum of $164.83 and she paid them in cotton in the sum of $200.89.

(1) The evidence shows that the mules were very small and also very old and that they were not worth more than the $77.00, the balance claimed to be due them by Mrs. McClintock including the $113.28.  So it will be seen that the contention of the plaintiff that the evidence is not legally sufficient to warrant the verdict depends upon whether or not she is liable for the debt which her husband owed Skinner & Company at the date of his death.  She testified that she did not assume this debt and that nothing was said to her about it at the time she executed the mortgage to Skinner & Company.  On the other hand they testified that she

specifically agreed to assume this debt of her husband and that it constituted a part of the $200.00 for which she gave her note and which was secured by the mortgage, she executed on the two mules and on her crop, but counsel for plaintiff contend that the court erroneously admitted this testimony over his objections. He insists that it is in violation of the rule which prohibits a party from contradicting the terms of a written contract by parol evidence. We do not agree with counsel in this contention. This court has held that although the recitals and considerations in a deed or mortgage cannot be contradicted by parol evidence for the purpose of defeating the conveyance, it is competent to prove by such evidence that the consideration has not been paid as recited, or to establish the fact that other considerations not recited in the deed were agreed to be paid; when it does not contradict the terms of the writing. That parol evidence to establish the fact that Mrs. McClintock agreed to assume and pay off the mortgage indebtedness of her husband as a part of the consideration for the mortgage which she executed to Skinner & Company was competent, see the following cases: *J. H. McGill Lumber Co.* v. *Lane-White Lumber Co.*, 90 Ark. 426; *Felker* v. *Rice*, 110 Ark. 70, and *Livingston* v. *Pugsley*, 124 Ark. 432.

(2-3)  It will be remembered that the mules in question were purchased by W. I. McClintock in 1905, and that he and the plaintiff were married in September, 1906.  After they were married, W. I. McClintock several times mortgaged the mules in question to Skinner & Company for supplies.  Mrs. McClintock objected to the introduction of these mortgages in evidence and now assigns as error, calling for a reversal of the judgment the action of the court in admitting them.  We think they were competent as tending to show that the mules belonged to her husband.  It is well settled that where a married woman permits her husband to hold her chattels out as his own, she will be estopped as against his creditors to claim them as hers. *Roberts* v. *Bodman-Pettit Lumber Co.*, 84 Ark. 227;

*Mitchell* v. *State*, 86 Ark. 486; *Latham* v. *First National Bank of Fort Smith*, 92 Ark. 315. During the time they lived together as husband and wife the husband mortgaged these mules for supplies and his wife knew where he was trading. At the time of her husband's death he owed Skinner & Company $113.28 and this amount was secured by a mortgage on these mules. According to the testimony of the defendants, Mrs. McClintock knew of this fact and agreed to assume and pay off this indebtedness. The testimony was competent as tending to show that the mules belonged to her husband and the release of their mortgage on the mules would furnish a consideration for her assuming her husband's debts.

Counsel for plaintiff also assigns as error the action of the court in permitting a witness to testify that the plaintiff once told him that she did not want any law suit, but that her attorney urged her to go on with it and that she was going to do so because it did not cost her anything. If it be conceded that the evidence should not have been permitted to go before the jury, we cannot see how it prejudiced the rights of the plaintiff. It merely showed that she did not want to have a law suit but felt compelled to go on with it to protect her rights. Counsel also urges a reversal of the judgment on account of certain instructions given by the court. We need not set out these instructions; for their correctness depends upon whether or not the court was right in admitting the testimony above referred to. Having held that the court correctly admitted the testimony, the instructions based on such evidence are correct.

We think that the respective theories of the parties to this lawsuit were fully and fairly submitted to the jury in the instructions given by the court and the judgment will be affirmed.