MORTON *v.* LINTON & PLANT.

Opinion delivered July 9, 1917.

APPEAL AND ERROR—SUFFICIENCY OF ABSTRACT.—On appeal in action to recover damages for alleged unlawful seizure of personal property under process in replevin from a justice of the peace, though the appellant's abstract shows that the property was seized on an order of delivery in excess of the court's jurisdiction and that the claimant failed to deliver a verified statement of account before institution of the action of replevin, which statement was necessary under Kirby's Digest, § 5415, such facts showing that the seizure was illegal, yet where the mortgages involved were not abstracted, so that the court could not say that claimant was not entitled to possession of the property, it can not be said that direction of the verdict for the claimant was erroneous, since, though the method of seizure was unlawful, the possession was not necessarily so.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; affirmed.

*Rachels & Yarnell,* for appellant.

1. The abstract of appellant shows what the issue was and enough of the evidence to show that it was a question of fact for a jury to determine. 89 Ark. 227.

2. The affidavit did not show on its face that the value of the property taken was less than $300; and if the testimony showed that the value was far in excess of that sum, the judgment of the justice was void. 36 Ark. 272; 43 *Id.* 111; 61 *Id.* 34.

3. No itemized statement of the account was rendered the mortgagor before suit. Kirby's Digest, § 5415. The statute is mandatory. 92 Ark. 313; 65 *Id.* 313; 123 *Id.* 261.

4. The mortgage was not due, and the suit was premature. This suit was proper and not brought too soon. Kirby's Digest, § 380-1; 61 Ark. 34; 69 *Id.* 433.

5. It was error to direct a verdict. The case should have been submitted to a jury under the instructions asked by appellant.

*Brundidge & Neelly* and *John E. Miller,* for appellees.

1. The abstract of appellant is not sufficient under the rule. 74 Ark. 320; 87 *Id.* 368; 90 *Id.* 316; 101 *Id.* 207; 102 *Id.* 95; 110 *Id.* 7; 112 *Id.* 118; 120 *Id.* 499; 125 *Id.* 413.

2. The excerpts of the testimony set forth will not suffice. 102 Ark. 95; 76 *Id.* 138; 101 *Id.* 252.

3. It does not state whether or not there was a motion for a new trial. 83 Ark. 356.

4. The mortgage is not abstracted or set forth— neither of the two introduced in evidence.

5. The court properly directed a verdict. 65 Ark. 316-19.

HUMPHREYS, J. Appellant instituted suit against appellees in the White Circuit Court on the 2d day of December, 1916, to recover $494.38, the alleged value of personal property seized under process issued out of a magistrate's court; and $500, the alleged value of a crop

appellant was prevented from raising in the year 1916, by reason of the seizure of said personal property.

It was alleged, in substance, that appellant executed a mortgage on the 26th day of January, 1915, to appellees upon certain personal property and a crop, described therein, with the right of possession in appellant until the maturity of the note and in the appellees from and after the maturity of the note, to secure an indebtedness to appellees in the sum of $332.50; that thereafter appellant traded with appellees until December 13, 1915, at which time he had full settlement with them, rented a farm from W. E. Plant, and executed a note and mortgage for $135, due December 1, 1916, to appellees for the balance due them on said settlement; that on December 30, 1915, appellees wilfully, maliciously and unlawfully brought replevin before R. U. Moon, a justice of the peace of Kentucky Township, for the property described in the mortgage of date January 26, 1915, and obtained an order of delivery with the wilful, malicious and unlawful intent to deprive appellant of said property, to injure him, his credit, estate and good name; that, on the same day and with the same intent, appellees caused the property to be seized by the constable of the township; that thereafter said appellees delivered to appellant a sworn, itemized statement of the amount due on the note and mortgage of date January 26, 1915; that the appellees procured the property from the constable and with the same intent as aforesaid converted the property to their own use.

Appellees filed answer, denying all the material allegations of the complaint and alleging that they had taken possession of and sold the property under the power contained in the mortgage executed by appellant to them covering the chattels in question.

Upon the pleadings and oral evidence adduced by appellant, the trial court instructed the jury to return a verdict for appellees. A verdict was returned in accordance with the instruction of the court, and judgment rendered thereon in favor of appellees. Proper

steps were taken, and an appeal has been prosecuted to this court.

The abstract of the evidence discloses that the order of delivery was obtained on December 30, 1915, upon affidavit of appellees, which described the property but failed to value all of it; that the actual market value thereof was much more than $300; and that no statement of account was furnished appellant by appellees before the affidavit for the order of delivery was filed. We are unable to determine from the abstract whether the debt secured by the mortgages was due. This doubt arises on account of the uncertainty in the evidence as abstracted as to whether the first note and mortgage was paid and superseded by the second note and mortgage. Both mortgages were introduced in evidence but the substance of neither was abstracted by appellant. Appellees abstracted the following clause in the mortgages, towit:

"* * * should the parties of the second part consider themselves insecure, then in either event the parties of the second part, their agents or attorneys, are hereby authorized and empowered to take. charge of said property on demand without process of law and sell ard dispose of same or so much thereof as will be necessary at public sale at Rose Bud, Arkansas. * * *"

Appellant is met at the threshold of the case with the contention that the abstract is insufficient to meet the requirements of Rule 9 of this court. That portion of the rule in question is as follows:

"In all civil cases, the appellant shall file with the clerk of this court, when his case is subject to call for submission, an abstract or abridgment of the transcript setting forth the material parts of the pleadings, proceedings, facts and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of all questions presented to this court for decision."

Appellant contends that the abstract presents the issue involved and that the substance of the evidence is

sufficiently stated to show that it was a question for the jury to determine whether the justice of the peace had jurisdiction to issue the order of delivery, and whether the taking of the property was unlawful. In other words, it is insisted that, in abstracting the case, appellant has brought himself within Rule 9, as construed in *Oliver* v. *Ft. Smith Light & Traction Co.*, 89 Ark. 222, 131 Am. St. Rep. 86.

The abstract sufficiently informs us that the property was seized upon an order of delivery issued out of a court that had no jurisdiction over the subject-matter of the action for the reason that the complaint or affidavit for the order failed to affirmatively show that the property was of value not to exceed $300. ''Justices of the peace have jurisdiction in suits for the recovery of personal property where the value of the property does not exceed the sum of $300.'' Constitution, article 7, section 40; *McClure* v. *Hill*, 36 Ark. 268.

The abstract also discloses that appellees failed to deliver to appellant a verified statement of his account before the institution of the replevin suit.

The delivery of such an account, showing each item, debit and credit, and the balance due, by the mortgagee to the mortgagor, is a necessary prerequisite to the bringing of a suit for the recovery of the mortgaged property. Section 5415, Kirby's Digest; *Lawhon* v. *Crow*, 92 Ark. 313.

To sum up, it is ascertainable from the abstract that the seizure of the property under the writ of replevin was without authority of law. As we understand it, this finding is not conclusive of the issue involved. This suit is for the unlawful conversion of the mortgaged property. It can not be said that because the manner of obtaining the mortgaged property was wrong, the possession thereof is unlawful. It was said in *Atkinson* v. *Burt*, 65 Ark. 316, (quoting syllabus 3):

''It was error to instruct the jury that, if a mortgagee obtained possession of the mortgaged chattels by means of a writ of replevin issued by a justice of the

peace not having jurisdiction, his subsequent possession was also unlawful, since he was entitled to the possession, though the manner of obtaining it may have been unlawful.''

As stated above, we are unable to say from the abstract before us that the indebtedness secured by the mortgage was not due at the time the mortgage was foreclosed. Nor are we able to say that the mortgagees were not entitled to the possession of the property at the time it was seized and sold under the terms and conditions of either or both of the mortgages in question. Neither mortgage was abstracted by appellant. That clause abstracted by appellees permitted them to take possession of the property in case they deemed themselves insecure. The complaint, as abstracted, also recites that the mortgage of date January 26, 1915, provided that the possession of the property should remain in appellant until the maturity of the note, and in appellees after the maturity of the note, which note matured on the 1st day of December, 1915, and possession was not taken until the 30th day of December, 1915.

Under the pleadings and evidence as abstracted, we can not say that the court erred in giving the peremptory instruction to the jury to find for appellees.

The judgment is therefore affirmed.

