## TALLEY *v.* DAVIS.

### Opinion delivered May 13, 1918.

1. HUSBAND AND WIFE—WIFE'S PROPERTY IN HUSBAND'S CONTROL—ESTOPPEL.—Where a married woman permits her husband to deposit her money in a bank in his name, and to use it as his own, and to obtain credit at the bank upon his apparent ownership, she will be estopped as against the bank from claiming it.

2. BANKS AND BANKING—DEPOSITS—OWNERSHIP.—Where a married woman claimed a fund in a bank deposited in her husband's name and transferred to her after the bank was insolvent, the husband being indebted to the bank, the State Bank Commissioner, having charge of the bank in liquidation, has a right to have the question determined whether the fund belonged to the married woman.

Appeal from Benton Chancery Court; *Ben F. McMahan*, Chancellor, affirmed.

### STATEMENT OF FACTS.

Mrs. W. E. Talley filed a petition in the chancery court for an allowance and payment of a dividend from the Citizens Bank of Rogers, Arkansas, which had been adjudicated to be insolvent and placed in the hands of John M. Davis, State Bank Commissioner. The dividend had been refused her on the ground that the money

claimed by her belonged to her husband, W. E. Talley. W. E. Talley formerly lived at Jonesboro, Arkansas, and left there to locate at Springfield, Missouri. He sold his home and gave the proceeds amounting to $8,500 to his wife. She deposited it in a St. Louis bank. She, also, received about $750 from her father's estate and deposited it in a bank at Springfield. Subsequently they removed to Rogers, Arkansas. Her husband became president of the Bank of Rogers and was a stockholder in the Citizens Bank of Rogers, Arkansas. Mrs. Talley delivered the certificates of deposit to her husband and told him he might use them in his business. He first deposited the $3,000 in controversy in this case in his own name in the Bank of Rogers. Subsequently he transferred it to his own account in the Citizens Bank. A short time before the Citizens Bank became insolvent he changed the deposit from his name to that of his wife without saying anything to her about it. The Citizens Bank became insolvent and on the 16th day of July, 1914, was placed in the hands of John M. Davis, State Bank Commissioner, for the purpose of liquidation. W. E. Talley at that time was indebted to the bank and had become insolvent. He filed for his wife her claim for the $3,000 which she alleges she had on general deposit in the bank at the time it failed. The Bank Commissioner refused to allow her claim on the ground that the money belonged to her husband and that the bank had certain offsets against him.

The chancery court sustained the contention of the State Bank Commissioner and the case is here on appeal.

*W. N. Ivie,* for appellant.

*E. H. Thomas* and *W. B. Smith,* for appellee.

HART, J., (after stating the facts). It appears from the record that Mrs. Talley permitted her husband to withdraw $3,000 of the money which she had deposited in two banks in Missouri, and he deposited the same in his own name in the Bank of Rogers. He then transferred

the account to the Citizens Bank of Rogers and was allowed to use it for his own benefit. It is true that before the bank failed he changed the account from his own name to that of his wife, but in the meantime he had become indebted to the bank in a large sum. Therefore Mrs. Talley is estopped from claiming the deposit as her own. It is well settled in this State that where a married woman permits her husband to hold her personal property out as his own, she will be estopped as against his creditors to claim it as her own. *McClintock* v. *Skinner Co.*, 126 Ark. 591.

Counsel for appellants rely on the case of *German Bank* v. *Himstedt,* 42 Ark. 62, in which it was held that a bank is bound to pay a depositor or to his order, money deposited by him, and can not refuse on the ground that it belongs to another. In that case neither the bank nor its creditors had any interest in the money deposited. The bank paid out the money before it had any notice that the money did not belong to the wife.

In the present case the husband is indebted to the bank and the State Bank Commissioner, who had charge of the liquidation of its affairs, had a right to have the question of whether or not the money belonged to Mrs. Talley adjudicated. If the money did not belong to her she had no right to participate in the dividends paid to creditors of the bank. Of course the rights of W. E. Talley, he not being a party to this proceeding, are not adjudicated. The only question at issue was as to whether or not the money belonged to Mrs. Talley· and if so to compel the bank to account to her for it.

The decree will be affirmed.