## MORTON *v.* LINTON & PLANT.

Opinion delivered April 7, 1919.

1. APPEAL AND ERROR—ABSTRACT—SUFFICIENCY.—Upon appeal from a judgment on the pleadings, an abstract setting out the pleadings in full need not give the pages in the transcript where each pleading might be found.

2. SAME—ABSTRACT—SUFFICIENCY.—An appeal from a judgment on the pleadings will not be dismissed because the abstract sets out the pleadings in full and also two chattel mortgages which purport to be the foundation of the lawsuit, but which are not part of the pleadings and have not been brought into the record by bill of exceptions or otherwise.

3. JUDGMENT—RES JUDICATA.—The right of a chattel mortgagor to contest the amount due in replevin proceedings by a mortgagee to foreclose the mortgage, is not precluded because a replevin suit subsequently brought by the mortgagor against the mortgagee was dismissed, upon the ground that the mortgagee might rightfully have possession though his taking under the writ of replevin was unlawful.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; reversed.

### STATEMENT OF FACTS.

This action was begun before a justice of the peace on the 30th day of December, 1915, by Linton & Plant against Frank Morton to replevy certain personal property under a chattel mortgage for the purpose of foreclosing it. The complaint is as follows:

"The plaintiffs, Linton & Plant, are a partnership doing mercantile business at Rose Bud, Ark., in White County, Arkansas, under oath say they are entitled to one light bay horse of the value of $40; one dark bay horse of the value of $75; one red heifer, two years old, value $20; one three-inch Owensboro wagon, value $30; one set of harness, value $12.50, also the entire crop of cotton, cotton seed, corn, hay and fodder by virtue of one chattel mortgage given January 26, 1915. The plaintiffs claim they are entitled to immediate possession of said property, same being wrongfully detained by said defendant and for said wrongful detention the plaintiffs say

they ought to recover of defendant the sum of $222.85, two hundred and twenty-two and 85/100, balance due on note and the sum of fifty dollars damages and other proper relief, and that their cause of action has accrued in the last three years, and that property was not taken for tax or fine against plaintiffs or under an order of judgment of a court against them or under an execution or attachment against their property. And plaintiffs further state that they believe that the property or a part thereof has been concealed with the intent to defeat this action.''

On the 12th day of January, 1916, the defendant filed an answer as follows: ''Comes the defendant and for his answer in this cause herein says that he denies that the light bay horse or one red heifer or one three-inch Owensboro wagon or set of harness or one dark bay horse or any part of defendant's crop, either corn, cotton, cotton seed, hay, fodder, or any other thing belongs to the plaintiffs. The defendant denies that he is due the plaintiffs the sum of $232 or any other sum. But for his cross-complaint herein says that in the month of December plaintiffs and defendant had a settlement and that he made, executed and delivered to the plaintiffs a noninterest-bearing note due November 1, 1919, for $135, and to secure the due payment of said note defendant made, executed and delivered a chattel mortgage and that said note was accepted by the plaintiff in full satisfaction of plaintiff. Defendant further answering, says that he has been damaged in the sum of $100 for being deprived of the use and benefit of his property. Whereas defendant prays judgment for the release of his property and for the sum of $100 as his damages for other and proper reliefs.''

Judgment in the justice court was in favor of the plaintiffs for the itemized list of the property described in the complaint or for the sum of $222.85, balance due them on the mortgage indebtedness and the further sum of $59.30 costs.

The defendant, Morton, appealed to the circuit court. In the circuit court the plaintiffs, Linton & Plant, filed a plea of *res adjudicata* and moved to dismiss the appeal. To sustain their plea, they attached as part of their motion a complaint which was filed in the circuit court on December 2, 1916, by Frank Morton against D. T. Linton and W. E. Plant. The complaint is very lengthy, and we shall only attempt to set out its substance.

The complaint alleges that on the 26th day of January, 1915, Frank Morton was indebted to a partnership composed of D. T. Linton and W. E. Plant in the sum of $332.50, for which he executed to them his promissory note secured by a chattel mortgage on certain personal property. Here follows a description of personal property of the same description as that set out in the complaint in this case.

The complaint further alleges that on the 13th day of December, 1915, Morton paid to Linton & Plant his entire merchandise account for the year 1915 and paid on the note aforesaid $138.40, which left him owing the defendants on the note aforesaid a balance of $120.

The complaint further alleges that Morton had a full settlement with Linton & Plant and acknowledged himself indebted to them in a sum of $135, for which he gave them his note secured by a mortgage on the horses, wagon and heifer described in the complaint.

The complaint further alleges that Linton & Plant caused the constable to unlawfully take possession of all of the property embraced in both of said mortgages for them and converted the same to their own use to the damage of Morton in the sum of $494.39. An itemized list of the property, together with the value of each item, is set out in the complaint and amounts to the sum just stated.

The complaint further alleges that Linton & Plant did not deliver to Morton a verified account of the amount due under the mortgage to them until several days after they had taken possession of the property described in the mortgage to them.

To sustain their plea of *res adjudicata,* the plaintiffs herein introduced the judgment in the case last referred to wherein Frank Morton was plaintiff and D. T. Linton and W. E. Plant were defendants. The judgment recites that the court gave a peremptory instruction for the defendants and judgment was rendered accordingly. Morton appealed to the Supreme Court and the judgment was affirmed. See *Morton* v. *Linton & Plant,* 136 Ark. 512, 197 S. W. 584.

In the present case the circuit court sustained the plaintiffs' plea of *res adjudicata* and the defendant has duly prosecuted an appeal to this court.

*J. N. Rachels,* for appellant.

1. The abstract for appellant is a sufficient compliance with Rule 9 of this court. It presents the substance of the pleadings and evidence. 89 Ark. 222. It informs the court that the property was seized upon an order of delivery issued out of a court that had no jurisdiction of the subject-matter as the complaint or affidavit failed to affirmatively show that the property was of value not to exceed $300. In matters of contract the maximum amount of the jurisdiction of justice of the peace is $300. Constitution 1874, art. 7, § 40; 36 Ark. 268; 43 *Id.* 407; 61 *Id.* 33.

2. The abstract also discloses that appellee failed to deliver a verified statement of his account before instituting the replevin suit. The delivery of such an account, showing each item of debit and credit and the balance due is a necessary prerequisite. Kirby's Dig., § 5415; 92 Ark. 313. It is ascertainable from the abstract that the seizure of the property under the writ was without authority of law. This suit is for the unlawful conversion of mortgaged property. It can not be said that because the manner of obtaining the property was wrong that the possession was unlawful. 65 Ark. 316, syllabus 3.

The right of possession was the only thing or question litigated or decided on the former appeal.

A recovery in replevin is no bar to a subsequent action of trover by the defendant in replevin. 29 Ark. 576. Where two suits are for different objects (one for value, the other for possession) both may progress at the same time. 52 Ark. 416; 55 *Id.* 293. See also 66 *Id.* 336-343; 96 *Id.* 87. The judgment in the first suit was no bar. 113 *Id.* 196; 116 *Id.* 501; 124 *Id.* 432. The court erred in sustaining the plea of *res adjudicata.* Cases *supra.*

*Miller & Yingling* and *Brundidge & Neelly,* for appellees.

1. Appellant's abstract does not show the transcript pages except to two mortgages and otherwise fails to comply with rule 9.

2. The plea of *res adjudicata* should have been sustained as the question raised was concluded by the judgment in the other cause and the judgment below is right.

HART, J., (after stating the facts). It is sought to uphold the judgment of the court below on the ground that appellant failed to file an abstract in accordance with the rules of this court. In the first place, it is claimed that the abstract does not show the pages of the transcript. It would be too technical to dismiss the appeal for this reason in this case. The judgment was upon the pleadings, and the pleadings are set out in full in appellant's abstract. Hence it is not necessary to give the pages in the transcript where each pleading might be found.

Again it is suggested that appellant failed to comply with the rules because his abstract sets out the transcript in full. As we have just seen, the judgment was upon the pleadings and it may be that appellant thought it necessary to set out the pleadings in full so that this court might more readily determine the issues raised by the pleadings. In such a case it is not a violation of the rule calling for the affirmance of the judgment to set out in full the pleadings which were the basis of the judgment of the court below. It is true appellant sets out two chattel mortgages in his abstract which purport to be

the foundation of this lawsuit. These mortgages, however, are not part of the pleadings and have not been brought into the record by a bill of exceptions or otherwise. Hence they do not properly belong in the transcript and appellant should not have set them out in his abstract. This court will treat them as not a part of the transcript and will not dismiss the appeal because they are contained in the abstract.

We now come to a discussion of the case on its merits. We are of the opinion that the court erred in sustaining the plaintiffs' plea of *res adjudicata.* It will be observed that the complaint in this case is filed under the provisions of section 6869 of Kirby's Digest. The purpose of the plaintiffs in filing it was to recover certain personal property described in the complaint under a chattel mortgage executed to them by the defendant for the purpose of foreclosing the mortgage.

Subsequently to the commencement of this suit the defendant herein filed a suit in the circuit court against the plaintiffs herein in which he sought to obtain judgment against them for the unlawful conversion of the mortgaged property. Two grounds are set up in his complaint. He alleged that the mortgaged property described in the complaint in the present case amounted to $494.39, an amount exceeding the jurisdiction of the justice of the peace and that therefore the seizure of the property by the plaintiffs under their writ of replevin was without authority of law.

The complaint also sets up that the plaintiffs had not filed a verified account of the amount due them under the mortgage at the time they instituted the present action. It is apparent from the complaint in the case brought in the circuit court by Morton against Linton & Plant, that the issue raised by the pleadings in the present case was not determined in that case. This is shown by the opinion in the former case reported in 136 Ark. 512 under the style of *Morton* v. *Linton et al.* The court held upon the appeal in that case that, although the method of seizure of the mortgaged property by the mort-

gagees was unlawful because the value of the property exceeded the jurisdiction of the justice of the peace, or because a verified account was not filed by the mortgagees as required by the statute, still the possession of the mortgaged property by the mortgagees was not necessarily unlawful, because under the terms of the mortgage they might be entitled to the possession thereof. In other words, the court held that the mortgagor could not maintain a suit against the mortgagees for the unlawful conversion of the mortgaged property because the mortgagees had unlawfully obtained possession of it in a replevin suit without first complying with the statutory requirement of furnishing an itemized account of his indebtedness to the mortgagor; or by bringing his suit before a justice of the peace for property the value of which exceeded the jurisdiction of the justice.

We think the complaint and judgment in that case bring the present case within the rule announced in *Livingston* v. *Pugsley,* 124 Ark. 432. There as here the mortgagee brought suit in replevin against the mortgagor to recover the possession of certain personal property for the purpose of foreclosing a chattel mortgage. On the motion of the mortgagor the case was transferred to the chancery court and was there finally determined. The mortgagee subsequently in some way obtained possession of the mortgaged chattels and the mortgagor instituted an action at law against him to recover the possession of them. The trial resulted in a verdict and judgment in favor of the mortgagor. The mortgagor then interposed a plea of *res adjudicata* to the original suit brought by the mortgagee to foreclose the mortgage. The lower court refused to sustain the plea and this court held that the decision of the chancellor was correct, for the reason that no issue was made in the law case as to the validity of the mortgage, but the decision turned entirely upon the question of the right of the mortgagee to foreclose the mortgage without having furnished an itemized account as required by the statute. Here we have the converse of the proposition but the principle is the

same. Here the mortgagees brought suit in replevin under the statute to recover possession of the mortgaged property for the purpose of foreclosing the mortgage. Subsequently the mortgagor brought suit against the mortgagees for the unlawful conversion of the mortgaged property. It is true that both actions related to the mortgaged property, but there is no such identity of causes of action as to make the judgment in the suit for unlawful conversion a bar to the suit to foreclose. In both actions, the mortgagor admits that he was indebted to the mortgagees and that the mortgage indebtedness was secured by a mortgage on the chattels in controversy. The dispute between them was as to the amount of the mortgage indebtedness. The complaint and judgment only in the suit by the mortgagor against the mortgagees for unlawful conversion appear in the record to support the plaintiffs' plea of *res adjudicata*. It is apparent from them that the mortgagor based his right to recover on the ground that the mortgagees were in the unlawful possession of the mortgaged property and that on this account he had a right to maintain a suit for its unlawful conversion.

The circuit court in that case properly directed a verdict for the mortgagees for the reason that while the record showed that the mortgagees had not legally come into possession of the mortgaged property, there was nothing in the record to show that they were not entitled to the possession of it for the purpose of foreclosing their mortgage. For that reason the mortgagees were not guilty of the conversion of the mortgaged property and the mortgagor was not entitled to recover judgment. The right of possession of the mortgagees to the mortgaged property was the only issue made by the pleadings and determined by the court. It follows from the conclusion reached that the judgment in the former case is not a bar to the present action; for the same issues were not litigated in the two cases.

It follows that the judgment must be reversed and the cause remanded for a new trial.

. McCULLOCH, C. J., (dissenting).   This action was instituted before a justice of the peace to recover possession of certain chattels .for the purpose of foreclosing a mortgage executed by appellant to appellees, and the statute governing such actions provides that the defendant "shall have the right to prove or show any payment or payments or set-off under said mortgage, * * * and judgment shall be rendered for the property or the balance due thereon, and the defendant may pay the judgment for the balance due and costs within ten days and satisfy the judgment and retain the property." Kirby's Digest, § 6869.

Appellant presented two separate defenses in his answer: First, that appellees had failed to furnish an itemized account as required by statute (Kirby's Digest, § 5415); and second, that the debt had been settled and the mortgage discharged by a new note for the sum of one hundred and thirty-five dollars, executed by appellant to appellees, secured by another chattel mortgage. The judgment of the justice of the peace was in favor of appellees for recovery of the chattels, or, in the alternative, for the recovery of $222.85, the amount found to be due on the mortgage indebtedness. Appellant prosecuted an appeal to the circuit court, but whilst the cause was pending in the circuit court he instituted an independent action against appellees in which he set forth as grounds for recovery precisely the same things pleaded as a defense in his answer in this action, and in addition alleged that the justice of the peace was without jurisdiction and that the seizure of the property under process issued from that court was unlawful because the value of the property exceeded the sum of three hundred dollars. In the trial of that case the court rendered judgment on a directed verdict in favor of appellees and appellant prosecuted an appeal to this court, and we affirmed the judgment. That judgment is now pleaded in bar of appellant's right to prosecute his appeal from the judgment of the justice of the peace in the original action, and the trial court sustained the plea.

If the judgment in the second action, which we affirmed, constituted an adjudication of the same issues involved in the original action, then the last decision undoubtedly constituted a bar to the prosecution of the appeal. *Church* v. *Gallic,* 76 Ark. 423; *Jenkins* v. *Jenkins,* 78 Ark. 388; *Dunbar* v. *Bourland,* 88 Ark. 153; *Quellmalz Lumber Manufacturing Co.* v. *Day,* 132 Ark. 469; 2 Black on Judgments, § 791.

The issues were plainly stated in the opinion delivered by this court on the former appeal (136 Ark. 512) and we decided that the justice of the peace was without jurisdiction of the present action and that appellees had failed to comply with the statute with respect to furnishing an itemized statement of account, but that, notwithstanding those things, appellees were rightfully in possession of the mortgaged chattels, that in the imperfect state of the abstract we had to assume that the evidence established the fact that the mortgage debt was due, and that appellees could not be sued for conversion of the property on account of the unlawful seizure under void process. In the opinion we said: ''The abstract sufficiently informs us that the property was seized upon an order of delivery issued out of a court that had no jurisdiction over the subject-matter of the action for the reason that the complaint or affidavit for the order failed to affirmatively show that the property was of value not exceeding $300.'' * * * ''To sum up, it is ascertainable from the abstract that the seizure of the property under the writ of replevin was without authority of law. As we understand it, this finding is not conclusive of the issue involved. This suit is for the unlawful conversion of the mortgaged property. It can not be said that, because the manner of obtaining the mortgaged property was wrong, the possession thereof is unlawful.''

Now, what other issue is there for the court to try in the present action; or how can it try any issue at all since, according to the decision in the other case, the court is without jurisdiction of the subject-matter? Surely there can not be another trial of the issue whether or not

appellees are rightfully in possession of the property under a mortgage, for that question has been finally adjudicated in the other case; and it is equally plain that there can not be another trial of the issue whether or not appellees have a valid and subsisting, mature indebtedness secured by mortgage on the property involved in the controversy, for that question, too, was finally adjudicated in the former case.

The only other issue between the parties not adjudicated in the other case relates to the amount of the mortgage debt, and that issue can not be decided in this action for the simple reason that the court is without jurisdiction—the jurisdiction being fixed according to the value of the property sued for and it has already been finally adjudicated that the court has no jurisdiction in the same.

When this case goes back to the trial court on remand the anomolous situation will be presented that the case is there again under the mandate of this court, but without jurisdiction of the subject-matter, and with all of the issues already adjudicated in another action between the same parties.

I fail to see the analogy between this case and the case of *Livingston* v. *Pugsley,* 124 Ark. 432, cited by the majority as sustaining their views.

If appellant has any remedy it is by paying off the mortgage and then suing to regain possession of the mortgaged property on refusal by appellees to surrender possession.

Mr. Justice SMITH joins in this dissent.