Isaacs *v.* Keeshan.

4-5329                                          124 S. W. 2d 828

Opinion delivered January 23, 1939.

*C. L. Polk, Jr.,* for appellants.

*A. M. Coates,* for appellee.

Mehaffy, J. Appellants seek to reverse the judgments in this cause on the theory that the trial court erred in excluding certain testimony.

Appellee and the four appellants had been interested in the Old Safety National Life Insurance Company. In 1930, $3,000 was borrowed from the Interstate National Bank of Helena by one of the appellants. The note was indorsed by all of the appellants, and by appellee. It is conceded that funds realized from the loan were used by the insurance company. In December of the year the

note was executed, the Interstate Bank failed; and in 1937, the receiver declined to extend further time for payment. Suit was filed in federal court. All of the parties to this appeal were named defendants, and were duly served with process.

Appellee testified that he informed appellants he did not want a judgment to be rendered against him, and he proposed that if appellants would pay $100 and execute their note for $2,797.71, he (appellee) would pay the Interstate Bank obligation. Appellants were to discharge the note through weekly payments of $20. An agreement to this effect was consummated and the note was executed. Beginning October 14, 1937, $20 payments were made until January 3, 1938, at which time they were discontinued.

Appellee, on cross-examination, was asked whether he and appellants did not endeavor to arrange for payment of the note from funds of the insurance company. The question was objected to on the ground that an affirmative answer would contradict the terms of the written obligation. The objection was sustained, and exceptions were saved. It was admitted by appellee that the payment of $100 was from insurance company funds, and that the insurance company made the $20 payments amounting to $200.

Two of the appellants offered testimony that they had been discharged in bankruptcy, and that they had listed the Interstate Bank debt with their liabilities. The court held that, inasmuch as the new note was given subsequent to such discharge, the plea was unavailing.

Appellants direct attention to *McClintock* v. *Skinner & Company,* 126 Ark. 591, 191 S. W. 230, where it was held that, although recitals, and the expressed considerations in a deed or mortgage cannot be contradicted by parol evidence to defeat the conveyance, such testimony is competent to show that the considerations have not been paid as recited, ''or to establish the fact that other considerations not recited in the deed were agreed to be paid, when it does not contradict the terms of the writing.''

It is urged that the instant case . . . ''falls squarely within this rule, as the writing is not contradicted by [the

testimony offered], the amount of the payment is not questioned, or the installments, but only as to where payment was to come from."

Reliance is also placed upon *Vinson* v. *Wooten*, 163 Ark. 170, 259 S. W. 366, where parol testimony was admitted to show that Wooten's original obligation to Vinson (evidenced by a note) was subsequently expressed in a note payable to Mrs. Vinson—Vinson having died. Wooten testified that Vinson borrowed from a bank and that he (Wooten) indorsed Vinson's note with a contemporaneous understanding that any payments made by Wooten on such note should be treated as credits on Wooten's obligation to Vinson. When sued by Mrs. Vinson, Wooten pleaded payment. Exceptions were saved to the admission of this evidence, but on appeal the judgment in Wooten's favor was affirmed.

In the instant case there is no contention that the note has been paid, other than to the extent of credits shown. To meet appellants' point of view, we are asked to hold, in effect, that parol testimony was admissible to show that, in personally paying the bank obligation as to which all of the parties were liable, there was an agreement that appellants were not be personally liable on the note they executed in favor of appellee, but that assets of the Old Safety National Life Insurance Company were to be looked to exclusively as the source from which payment should come.

We are of the opinion that the testimony does not sustain this theory.

Appellee testified on cross-examination that he and the appellant Isaacs ... "tried to make arrangements for payment of the note out of the funds of the Old Safety National Life Insurance Company at the rate of $20 per week." To this testimony appellee's counsel interposed the objection: "There is absolutely nothing in the face of the note, which has been testified on, to show that the Old Safety National Life Insurance Company would be looked to for payment." The objection was sustained. However, the appellant Isaacs testified that ... "at the time the note was signed [there was] an understanding with Mr. Keeshan relative to it, the understanding being

that the [insurance] company would pay it out of the funds of the company at the rate of $20 per week.'' The jury was instructed to disregard this testimony. At the conclusion of all the testimony, the court directed that a verdict be returned for the plaintiff.

If it be conceded the testimony was admissible to show that the parties intended the insurance company should be primarily liable, still, there is nothing in the record to show that the corporation assented, unless the fact of partial payment be regarded as such; nor is there any affirmative testimony that the individuals were to be excused. Such evidence, if available, could have been brought into the record for the purpose of appeal, regardless of the trial court's action in excluding it from the jury.

It is urged that appellee, having been one of the original obligors equally liable with appellants, should not be permitted to change his position by accepting the note of appellants. This is a suit at law, and contributions between the parties cannot be determined according to the principles of equity. No motion to transfer to chancery was made.

The court did not commit error in refusing to permit the two appellants who had been discharged in bankruptcy to plead want of consideration. The moral obligation was sufficient to support the new promise to pay. *Fonville* v. *Wichita State Bank & Trust Co.*, 161 Ark. 93, 255 S. W. 561, 33 A. L. R. 125.

The judgments are affirmed.