JOHNSON *v.* JOHNSON.

Opinion delivered February 14, 1916.

1. DIVORCE—CORROBORATING TESTIMONY.—A divorce will not be granted because of desertion upon plaintiff's uncorroborated testimony, alone.

2. DIVORCE—EVIDENCE—AFFIDAVIT.—An affidavit is inadmissible in evidence to establish a ground for divorce.

3. DIVORCE—STATEMENTS IN COMPLAINT—FAILURE TO ANSWER.—The statements in a complaint for divorce are not taken as true because of the failure of the defendant to answer, nor as defendant's admission of their truth; such statements must be proved, and affidavits are inadmissible to establish the issues.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

STATEMENT BY THE COURT.

This appeal comes from a decree denying appellant a divorce.

The complaint alleged as a ground therefor that appellee had deserted him wilfully and without cause in the State of North Carolina; refused longer to live with him and went to the home of her father where she still lived; that he came from North Carolina here on the 14th day of February, 1914, and asked his wife, before leaving, to come with him, which she refused to do. That he established a residence in Pulaski County, Arkansas, and thereafter insisted on her coming here to live with him as his wife, which she refused to do and that his cause of divorce existed in this State for more than a year and occurred within five years next before the commencement of the suit.

Constructive service was had and appellant testified to the marriage; that his wife deserted him and returned to the home of her parents without reasonable cause and refused to live longer with him, in North Caro-

lina; that she refused to come with him to the State of Arkansas and refused to come to this State and live with him after he had established his residence here. He attached to his deposition as an exhibit the affidavit of one J. T. Puckett, in which it was stated that the affiant at the request of appellant had gone with appellant's father to see his wife, Margaret Johnson, and asked her to return to and live with her husband and in reply to the question, "Leslie Johnson wants to know if you will go and live with him?" her answer was, "No, I will not go and live with him; I never intend to live with him again." That in her remaining conversation she expressed no desire to live with him nor did she ask any questions about him.

The court found that the desertion occurred in the State of North Carolina where desertion is not recognized as a ground for divorce, and therefore did not exist and could not continue to exist in this State within the meaning of our law authorizing the granting of a divorce, if the cause therefor existed in this State and dismissed the complaint for want of equity.

*Rose, Hemingway, Cantrell, Loughborough & Miles,* and *Coleman & Lewis,* for appellant.

Argue the merits of the cause and cite many authorities to show that the desertion *existed* in this State for the statutory period. Schouler, Dom. Rel., § 37; 29 Ark. 280; 65 *Id.* 254; 5 A. & E. Ann. Cas. 851 and note; 14 Cyc. 612; 72 Conn. 567; 91 Ky. 634; 34 N. H. 519; 10 Ind. 436; 17 Ill. 476; 38 Ala. 13; 48 Atl. 533, 62 N. J. Eq. 807; 53 Atl. 221; 71 *Id.* 687; 80 *Id.* 113; 38 N. W. 607; 10 Tex. 555; Kirby's Dig., § 2678.

No counsel for appellee.

KIRBY, J., (after stating the facts). Appellant contends that the chancellor erred in construing the statute, (section 2678, Kirby's Digest), relative to the proof of a cause of divorce that occurred outside and existed in this State, but this court can not determine the question since the testimony is not sufficient to establish the facts of the alleged ground for divorce. "Divorces are not

granted upon the uncorroborated testimony of the parties and their admissions of the truth of the matters alleged as grounds therefor." *Sisk* v. *Sisk*, 99 Ark. 94; *Shelton* v. *Shelton*, 102 Ark. 55; *Kientz* v. *Kientz*, 104 Ark. 381.

There is no evidence whatever in the record corroborating the testimony of appellant Leslie Johnson, relative to the wife's abandonment and desertion of him and the cause thereof. The affidavit attached to his deposition as an exhibit was but written hearsay testimony, was incompetent and without probative force. There is no warrant in our law for the introduction of an affidavit in evidence to establish a ground for divorce. The statements of the complaint for a divorce are not taken as true because of the failure of the defendant to answer, or his or her admission of their truth, and must be proved, and affidavits can not be admitted to establish the issues. *Smith* v. *Feltz*, 42 Ark. 355. It makes no difference that the chancellor refused to grant a divorce for a different reason since appellant was not entitled to a decree upon the case made.

Affirmed.