DARROW v. DARROW.

Opinion delivered February 21, 1916.

1. DIVORCE—ILL TREATMENT—SINGLE ACT.—A wife will not be entitled to a decree of divorce upon proof of a single act of ill treatment on the part of her husband, the act consisting of grasping her by the arm, bruising it, and ordering her to go into the house, the husband having a knife in his hand.

2. DIVORCE—UNCORROBORATED TESTIMONY.—A decree of divorce will not be granted upon the uncorroborated testimony of one of the parties

Appeal from Franklin Chancery Court, Ozark District; *T. H. Humphreys,* Chancellor on exchange; reversed.

*June R. Morrell,* for appellant.

1. The court erred in rendering judgment against appellant for $200.00 since there was a valid settlement between the parties. 75 Ark. 127; 95 *Id.* 523. Contract between husband and wife when fairly entered into are binding. 67 Ark. 15 and cases *supra.*

2. The court erred in granting appellee a divorce. If appellant was guilty so was appellee. 104 Ark. 381; 53 *Id.* 484; 44 *Id.* 429; 76 *Id.* 28; 87 *Id.* 175.

*Geo. W. Barham,* for appellee.

1. If the court was correct in granting a divorce this settles the correctness of the judgment for $200.00. Kirby's Digest, § 2684. The doctrine of 87 Ark. 175 and 104 *Id.* 381 do not apply here, but 44 Ark. 229 does apply. The evidence fully sustains the finding of the chancellor. The appellant was more to blame and clearly at fault. 53 Ark. 384; 68 *Id.* 158.

2. The findings of the chancellor are sustained by the evidence. 120 Ark. 323; 67 Ark. 200; 73 *Id.* 489; 72 *Id.* 67; 68 *Id.* 134.

HART, J. This is an action for divorce instituted by the wife against the husband on the statutory grounds that the husband was guilty of such cruel and barbarous treatment as to endanger her life and offered such indignities to her person as to render her condition in-

tolerable.  She also alleged that she had lent her husband
$200.00 which he applied towards the payment of cer-
tain lands owned by him.  She asked for a divorce and
for alimony, and that she have judgment for the $200.00,
and that same be declared a lien on her husband's land.
The husband denied the allegations of the complaint.

The chancellor found the issues in favor of the wife
and granted her a decree for divorce.  The court also
rendered judgment against the defendant for $200.00 and
declared the same to be a lien on the land described in
the complaint.  It was also decreed that the wife have
one third of the husband's personal property absolutely
and one third interest in his lands for life.  E. O. Darrow,
the husband, has duly prosecuted an appeal to this court.

Martha E. Darrow was married to E. O. Darrow
in October, 1911, and they lived together in Franklin
County, Arkansas, a little over two years before they
separated.  Each had been formerly married and had
children living and each owned a small farm in the same
neighborhood.  When they married, they went to live on
the farm of Mrs. Darrow and lived there for one year.
The husband cleared some of the land and made some
improvements on it.  The place was then sold and Mrs.
Darrow received $450.00 for it.  The purchaser stated
that he thought that he got the place at a bargain, but
that he would not have paid any more for it.  Then
they bought another tract of land.  The wife paid part
of the purchase money for it and she also lent her hus-
band $200.00 and took his notes therefor.

The husband testified that it was agreed between
him and his wife that the second piece of property they
bought should be deeded to her and that this should be
in full settlement of the $200.00 he owed her.

The wife testified that the $200.00 went to pay for the
place which her husband owned at the time of their mar-
riage.  She admitted, on cross-examination, that she told
her husband that if he would deed her the piece of land
which they bought after their marriage, that this would
be a settlement of the amount he owed her.  In regard

to the divorce, she testified that they got along very well together until about the time they separated; that she heard that her husband was boasting that he would get everything she had and then drive her away; that one morning she heard her husband saying something to her son-in-law about selling the place. She went out there and asked him what he meant; that her husband caught hold of her arm and bruised the muscles of it; that he at the same time drew a knife on her and made her go back in the house; that she then left him and has not lived with him since.

Her son-in-law testified that she came out to where Mr. Darrow was talking to him about selling his place and asked Mr. Darrow what he meant; that the latter then took hold of her arm and jerked her around telling her to go back in the house; that Darrow at the time had a knife in his hand but that he did not know whether he drew it on her or not. On cross-examination he stated that Darrow was standing there whittling when his wife came out. Darrow testified that he had treated his wife well since their marriage and denied that he drew a knife on her or treated her roughly on the morning of their separation. He testified that his wife came out there that morning where he was talking to her son-in-law and began to abuse him and to call him vile names; that he took her by the arm and told her to go to the house; that he did not draw his knife on her or even think of striking her; that as soon as she began to jerk he turned her loose.

(1)   His testimony was corroborated by his sixteen year old daughter, and a neighbor testified that he had been around their house very frequently and had observed no ill treatment on the part of the husband. The one act of ill treatment testified to by the wife was not sufficient to warrant the chancellor in granting her a decree of divorce. *Kientz* v. *Kientz,* 104 Ark. 381; *Malone* v. *Malone,* 76 Ark. 28; *Arnold* v. *Arnold,* 115 Ark. 32.

(2)   Besides this the wife was not corroborated and it is well settled in this state that a decree of divorce

will not be granted upon the uncorroborated testimony of one of the parties. See authorities *supra.*

The husband testified in positive terms that a deed was made to his wife to the land they bought after their marriage in consideration of the $200.00 she lent him. It is true the wife testified that she lent him this money for the purpose of applying the balance due on the tract of land which he owned at the time of their marriage, but on cross-examination she admitted that she had received a deed to the land which they had purchased since their marriage, in settlement of the money she had loaned her husband. See *Hannford* v. *Dowdle,* 75 Ark. 127; *McDonald* v. *Smith,* 95 Ark. 523.

From the views we have expressed, it follows that the decree must be reversed, and the cause will be remanded with directions to the chancellor to enter a decree in accordance with this opinion.