## GARDNER v. GARDNER.

### Opinion delivered February 23, 1920.

DIVORCE — EX PARTE AFFIDAVITS.—A divorce granted upon *ex parte* affidavits will be reversed upon appeal though the appellant did not appear and object to their introduction.

Appeal from Arkansas Chancery Court; *John M. Elliott,* Chancellor; reversed.

*John W. Moncrief,* for appellant.

*Ex parte* affidavits can not be accepted as competent evidence to support a decree for divorce. 5 Am. Dec. 419; 34 N. E. 20; 23 So. 703; 34 Ill. 306. The evidence must be upon depositions taken upon due notice. Kirby's Digest, §§ 3166, 3169, 3177-8; 3182-8; 70 Ark. 409.

*Robert L. Rogers* and *W. F. Terral,* for appellee.

A deposition is simply written testimony, and sometimes used synonomously with affidavit. 25 Fed. Cases 441-2; 53 Am. Dec. 270; 23 Fed. Cas. No objection can be made to the form of the testimony, as appellant did not appear and object to it. 122 Ark. 276; 18 Ark. 59; 88 *Id.* 177. The objection can not be raised here for the first time. 15 Ark. 491; 18 *Id.* 65; 87 *Id.* 243. This court will presume that the depositions were taken as prescribed by statute. 6 Ark. 396; 86 *Id.* 272.

McCULLOCH, C. J. This is a suit for divorce, and the decree in accordance with the prayer of the complaint of appellee was granted on constructive service without appellant having appeared. The appeal was allowed by the clerk of this court.

The ground urged here for reversal is that the decree was rendered on *ex parte* affidavits. The record sustains appellant in this contention, for it recites that the cause was heard on the affidavits of appellee and two other witnesses. It is true that in the record certified by the clerk the testimony of each of the three witnesses is referred to as a deposition. The originals have been brought up

for our inspection, and they are also marked depositions, but they show that they were in fact not depositions, but were *ex parte* affidavits. There is no caption nor certificate of an officer showing that the depositions were taken at a designated time and place. Accepting the recitals of the record as true, which we should do on appeal, it is apparent that the decree was based solely on *ex parte* affidavits introduced in evidence, and it has been decided by this court that it is error to accept such character of evidence, and that it cannot be made the basis of a decree for divorce. *Johnson* v. *Johnson,* 122 Ark. 276.

It is contended by counsel for appellee that no advantage can be taken of the form in which the testimony was introduced because appellant did not appear and object to it. This argument is answered by the decision of this court in the case just cited, where it was expressly held that *ex parte* affidavits could not be received in evidence at all, and that a decree could not be supported by that form of testimony.

The decree is, therefore, reversed and the cause is remanded for further proceedings.