EVANS *v.* FARRIS.

4-3187

Opinion delivered November 6, 1933.

*Thos. J. Watts* and *George W. Dodd,* for appellant.
*Cochran & Arnett,* for appellee.

JOHNSON, C. J., (after stating the facts). We have reached the conclusion that the trial court erred in refusing to direct the jury to return a verdict in favor of intervener for the possession of the car in controversy. There-

fore, it will be unnecessary to set out or discuss the instructions given and refused.

There is no testimony in this record contradicting the testimony on behalf of intervener as to ownership of the car save and except the *ex parte* affidavits of her husband, Will Evans, filed with the Oklahoma State Highway Department in the negotiations for and purchase of license plates for the years 1929, 1930 and 1931. It is the well-settled law in this State that a husband and wife cannot testify for or against each other except in business transactions wherein the husband or wife acts in the capacity of agent. The third division of § 4146, Crawford & Moses' Digest, so provides in plain language. It is practically conceded in briefs that Will Evans would not have been a competent witness to testify against his wife to the effect that he was the owner of the car. Under the law, he should not be permitted to do indirectly that which he is prohibited doing directly by statute. The *ex parte* affidavits of the husband in reference to his ownership of the car were inadmissible for the reasons aforesaid.

The case of *McClintock* v. *Skinner,* 126 Ark. 591, 191 S. W. 230, is cited as sustaining an exception to this general rule. This is not the effect of that opinion. The second headnote to the case referred to reads as follows:

"Where a married woman permits her husband to hold her chattels, and deal with them as his own, she will be estopped as against his creditors to claim them as hers."

There is no contention in the instant case that the intervener permitted her husband to use or deal with the automobile in controversy as his property; there is no contention that she permitted her husband to hold this automobile out to creditors as his property. Under the uncontroverted testimony in this case, intervener has done no act which would estop her from asserting title and ownership to the car in controversy.

For the error indicated, the cause is reversed and remanded with directions to proceed according to law and not inconsistent with this opinion.