GABLER *v.* GABLER

4-7770                                                   190 S. W. 2d 975

Opinion delivered December 10, 1945.

*Ernest Briner,* for appellant.

*Jay M. Rowland,* for appellee.

McFADDIN, J. This is a divorce suit; and is the second attempt by the husband to obtain a divorce in Arkansas on the ground of three years separation (seventh subdivision of § 4381, Pope's Digest as amended by Act 20 of 1939). There is no occasion to recite the history and result of the first attempt; because we base our holding, here, on the lack of corroborative evidence in this case.

The present suit was filed in the Garland chancery court in June, 1944; and, as ground for divorce, the plaintiff (appellee here) alleged: "That he and the defendant were married in 1918 at Highland, Wisconsin, and that the plaintiff and defendant have been living separate and apart without cohabitation for more than three years next before the filing of this complaint." To this complaint, the wife (appellant here, and a resident of Indiana) filed answer, *inter alia,* denying three years separation without cohabitation. She also sought suit money and alimony. The trial in the Garland chancery court resulted in a decree granting the husband a divorce and

denying the wife's plea for alimony. This appeal challenges that decree.

I. *Corroboration.* In 20 C. J. S. 238, this is defined: ". . . in a legal sense as something which leads an impartial and reasonable mind to believe that material testimony is true; testimony of some substantial fact or circumstance independent of the statement of a witness."

In *Sutherland* v. *Sutherland,* 188 Ark. 955, 68 S. W. 2d 1022, Chief Justice JOHNSON said: "It is the established doctrine in this State that a divorce decree will not be granted upon the uncorroborated testimony of one of the parties. *Darrow* v. *Darrow,* 122 Ark. 346, 183 S. W. 746; *Johnson* v. *Johnson,* 122 Ark. 276, 182 S. W. 897; *Arnold* v. *Arnold,* 115 Ark. 32, 170 S. W. 486; *Kientz* v. *Kientz,* 104 Ark. 381, 149 S. W. 86; *Rie* v. *Rie,* 34 Ark. 37."

In 17 Am. Juris. 338, in discussing the sufficiency of corroboration in divorce cases, it is stated: "It is difficult to lay down a general rule as to what corroboration is required in a divorce case. . . . The general rule is more significantly stated that where a particular fact or circumstance is vital to the complainant's case, some evidence of the same, in addition to the complainant's testimony, will be required. If an essential fact is difficult of proof, corroboration may be sufficient though weak. The corroboration must, of course, relate to material testimony and must be something of probative weight. Evidence which is hearsay or irrelevant is insufficient."

See, also, Annotation in 65 A. L. R. 169 on the character and sufficiency of evidence required to corroborate testimony of plaintiff in divorce suit.

With the foregoing principles in mind, we come to the evidence in this case. All of the husband's testimony on the ground of divorce is found in the following: "Q. When and where were you and the defendant married? A. On March 18, 1918, at Highland, Wisconsin. Q. You lived together until when? A. Until January 1,

1931. Q. Have you been living separate and apart without cohabitation since that time? A. We have. Q. That is more than three years next before the filing of this suit that you have been living separate and apart without cohabitation? A. Yes, sir.''

E. C. Shelton was the only corroborative witness; and his entire testimony is as follows: ''Q. Your name is E. Carroll Shelton? A. That's right. Q. Where do you live? A. 133 Garland Avenue. Q. What is your occupation? A. Deputy Collector of Internal Revenue. Q. Are you acquainted with Mr. Arthur L. Gabler? A. I am. Q. How long have you known Mr. Gabler? A. About six years. Q. Where did you first become acquainted with him? A. In Little Rock, Arkansas, when we were both employed by the Farm Security Administration. Q. Have you ever met or seen Mrs. Ella R. Gabler? A. I have not. Q. During the time that you have known Mr. Gabler, he has not been living or cohabiting with Mrs. Ella R. Gabler? A. Not so far as I know. Q. Do you know whether or not Mr. Gabler has been residing in Hot Springs, Arkansas, for the past few months? A. Yes. Q. You have seen him here frequently during that time? A. Yes. Q. Do you know what his street address is here? A. No, I do not. Q. Do you know if he lives up at the Mattar Apts.? A. I have seen him in that neighborhood and between there and the Farm Security Office. Q. His work makes it necessary for him to go out of town frequently? A. Yes.''

When we take into consideration: (1) that the witness did not know the appellant; (2) that the witness did not know where the appellee resided; (3) that the witness admitted that the appellee was away from Hot Springs on frequent trips; and (4) that when asked if the appellee had been living or cohabiting with the appellant, he answered ''not so far as I know''—when we weigh this evidence as we do in chancery appeals—we reach the conclusion that the witness failed to corroborate the appellee on the material and essential point of three years separation without cohabitation. Since there was no corroboration, the divorce should have been denied.

II. *Alimony and Suit Money.* Notwithstanding the denial of the divorce, the chancery court had jurisdiction, and we have on appeal, to award suit money and alimony to the wife. *Tarr* v. *Tarr*, 207 Ark. 622, 182 S. W. 2d 348; *McDougal* v. *McDougal*, 205 Ark. 945, 171 S. W. 2d 942. Before filing her answer, the wife filed a petition for suit money, attorney's fee, and maintenance. The chancery court granted $50 attorney's fee and $15 suit money, but reserved the question of maintenance until final decree: at which time alimony was denied. In this court, the wife renews her request for alimony, and also asks for additional suit money and attorney's fee. The suit money items are covered in the costs in this case, and we now allow a reasonable attorney's fee in this court, which we fix at $100, in addition to the $50 allowed by the chancery court.

There remains the question of alimony: which was denied by the chancery court, but which we think should have been granted. It was shown: that the husband earned approximately $6,000 per year; that the wife was a woman 53 years of age; that she was compelled to work daily for her living, and had no source of income except from her own work; that she was in need of financial assistance from her husband; and that her house rent and utilities totalled $44 per month. On this showing, we think the chancery court should have made the wife an award of alimony at the rate of $50 per month from January 9, 1945 (the date of such showing), and to continue until otherwise ordered. We make that order here; and this is without prejudice to either party to apply to the Garland chancery court for change of amount upon proper application and showing.

It follows that the decree of the Garland chancery court awarding a divorce to the appellee is reversed, and the appellee's action for divorce is dismissed; that the appellant have judgment here for all costs in the lower court and this court, and for an attorney's fee of $100 in this court in addition to that allowed in the lower court; that the appellant's prayer for alimony is remanded to the Garland chancery court with directions to

enter a decree awarding appellant judgment for alimony at the rate of $50 per month from January 9, 1945; and that the said alimony continue at that rate each month until changed by the Garland chancery court upon proper application and showing.