STEARNS *v.* STEARNS.

4-8174                                            201 S. W. 2d 753

Opinion delivered April 28, 1947.

Rehearing denied May 26, 1947.

*Karl Greenhaw, G. T. Sullins* and *Rex W. Perkins,* for appellant.

*John W. Nance,* for appellee.

HOLT, J.   July 12, 1946, appellant sued appellee for divorce. She alleged indignities and cruel treatment such as to render her condition intolerable, (5th subdivision, § 4381, Pope's Digest) and in addition to divorce, she prayed for a property settlement, separate maintenance, attorneys' fees, costs and all equitable relief.

Appellee answered with a general denial and in a cross complaint sought divorce from appellant on the same grounds on which she sought a divorce from him.

The trial court, after hearing the testimony, which was presented orally, denied the divorce to both parties, dismissed their complaints for want of equity, denied appellant anything for support, allowed her $200 for. attorneys' fees, and a Ford truck held by appellee, and ordered each party to pay his own costs.

Both parties have appealed.

### (1)

The record shows that appellant and appellee were married November 7, 1941, and separated July 12, 1946, on the day the present suit was filed. Appellee was a widower, 52 years old, with an adopted, married daughter. Appellant was 45 years of age, had not been married, and was caring for her two aged parents, her mother being 83 and her father 96. Following the marriage, these

two old people, upon appellee's invitation, moved into his home where they lived with appellant and appellee until the present suit was begun. Appellee was good to them.

For several years prior to the death of appellee's first wife in August, 1940, Mrs. Verucchi, a near neighbor, and the mother of two little girls, had worked for appellee in his home, as housekeeper, and in caring for his invalid wife, and her husband had worked on appellee's farm.

Shortly after appellee's marriage to appellant, she discovered two endowment insurance policies of $1,000 each on her husband's life. He had named the Verucchi children as his beneficiaries. He also, at the same time, had procured a third policy for $1,000 on his life in which he named his adopted daughter as beneficiary. For some time appellant did not question the first two policies, *supra*, and made premium payments on them for her husband, but for some reason, which the evidence does not disclose, she rather suddenly became suspicious and accused her husband of being the father of these two little girls. Appellee vehemently denied his wife's accusations, or any misconduct on his part with Mrs. Verucchi. He testified that it was necessary to name beneficiaries in the policies, that he had become attached to the little girls, their mother and father had been good to his former wife and himself over a number of years, and, especially for these reasons, they were chosen as his beneficiaries.

Appellant became jealous and testified that quarrels were frequent, that appellee abused and mistreated her, and on occasions struck her. Appellee denied that he had abused or mistreated appellant, but admitted that they quarrelled when she falsely charged him with being the father of the two little girls. The testimony of appellant and appellee is in irreconcilable conflict. Both appear to be equally at fault.

We think it would serve no useful purpose to detail all the evidence, or set forth its substance. It suffices to say that we have reviewed it and conclude that neither the testimony of appellant nor that of appellee is sufficiently corroborated to warrant a decree of divorce to either.

As was said by this court in *Kientz* v. *Kientz,* 104 Ark. 381, 149 S. W. 86: ''While the husband and wife are both competent to testify in divorce proceedings between them, yet it has been held that a decree of divorce will not be granted upon the uncorroborated testimony or admissions of either party. *Rie* v. *Rie,* 34 Ark. 37; *Kurtz* v. *Kurtz,* 38 Ark. 119; *Brown* v. *Brown,* 38 Ark. 324; *Scarborough* v. *Scarborough,* 54 Ark. 20, 14 S. W. 1098.''

We conclude, therefore, that the trial court did not err in denying a divorce to both parties.

## (2)

We think, however, that there was error in denying to the wife, appellant, alimony for her support. According to the evidence, appellee owned real estate and personal property of the approximate value of $20,000. He was in good health and a successful farmer and grape grower with a substantial income. His farm consisted of 130 acres, including an 18 acre vineyard, which was very productive. Appellant, on the other hand, owned no property except the Ford truck, *supra*, two $25 bonds, less than $50 in cash, and no home or income. In these circumstances, we think that she should be allowed $75 per month for her support.

As we said in the recent case of *Bonner* v. *Bonner,* 204 Ark. 1006, 166 S. W. 2d 254: ''It was and is the duty of appellant to support his wife according to the station in which they live. This duty would not rest upon him if he were entitled to a divorce, but it does rest upon him as long as they are married unless she had abandoned him without just cause. He is as much to blame as she for the separation, and it is his bounden duty to support

her as long as the bonds of matrimony exist between them.'' See, also, *Boniface* v. *Boniface,* 179 Ark. 738, 17 S. W. 2d 897.

## (3)

Appellant's request for additional attorneys' fees here will be granted. The record comprises more than 260 pages and appellant's brief, 115 pages. Obviously appellant's counsel have performed a great amount of work in this case, and when we take into account the amount of labor, skill and industry required, we think appellant's attorneys should be allowed an additional fee of $200. All costs in both courts to be paid by appellee:

So much of the decree as denies a divorce to either party is affirmed. That part of the decree denying alimony to appellant and requiring her to pay costs in the chancery court is reversed, and the cause remanded with directions to enter a decree consistent with this opinion.