SAUGEY *v.* SAUGEY.

5-1354                                      305 S. W. 2d 856

Opinion delivered October 21, 1957.

*Briner & Briner, Jack Holt* and *John F. Park,* for appellant.

*Langston & Walker* and *Wayne Foster,* for appellee.

GEORGE ROSE SMITH, J.   The appellee brought this suit for divorce, asserting personal indignities and the failure of her husband to support her.   By cross-complaint the appellant sought a divorce on the ground of

indignities. Saugey appeals from a decree granting a divorce to his wife and contends that the court should instead have awarded a divorce to him.

The couple were married in 1925 and lived together until Mrs. Saugey left the family home on March 3, 1956. Saugey formerly operated a sawmill; later he inherited land from his parents and, with additional purchases, owned 538 acres in Saline county at the time of trial. Until Saugey underwent an eye operation in 1955 he seems to have been a successful farmer, earning a reasonably good income from the sale of hay, cattle, chickens, eggs, timber, and other farm products. Mrs. Saugey worked with her husband on the farm until she took a business course in 1951. Since completing that training she has obtained clerical employment during the day in Little Rock and Benton.

The testimony is insufficient to justify the award of a divorce to either party. With respect to Mrs. Saugey's charge of nonsupport, the statute requires proof that her husband willfully failed to provide her with the common necessaries of life. Ark. Stats. 1947, § 34-1202, subsection nine. Her testimony, even if it could be accepted without corroboration, falls decidedly short of establishing a cause of action under the statute. It is shown without dispute that Saugey always maintained a home for his wife; indeed, at her insistence he built a new house on the farm in 1953. Mrs. Saugey complains that she tired of eating chicken, that she did not care for eggs, that she was not permitted to pick fresh vegetables in the garden, and that she was required to buy groceries from her own salary. Much of this testimony is denied by Saugey, but in any event it does not show that Mrs. Saugey at any time during the marriage lacked the common necessaries of life.

On the issue of personal indignities Mrs. Saugey's own testimony is directed largely to her husband's extreme frugality, his failure to attend church, and his disinclination to leave the farm in order to participate in the social life of the community. Without narrating this proof in detail it is enough to point out that Mrs. Sau-

gey's testimony is altogether wanting in corroboration and therefore cannot form the basis for a decree of divorce. Ark. Stats., § 34-1207; *Stearns* v. *Stearns,* 211 Ark. 568, 201 S. W. 2d 753. The corroborating proof, it is true, may be fairly slight in contested cases, but even that standard has not been met in the case at bar.

Nor has the appellant proved the existence of personal indignities rendering his condition intolerable. There is some proof that Mrs. Saugey has occasionally used profanity in speaking of her husband. In complaining of the fact that Mrs. Saugey has often not gotten home until ten o'clock at night, long after the end of her workday, Saugey does not charge his wife with immorality; he merely suggests that she has deliberately retained possession of the family truck in order to prevent him from using it on the farm in the late afternoon. Both parties testify that they did not engage in marital relations for eighteen months preceding their separation, but this is attributed to Saugey's affliction with a skin disease which his physician had not been able to treat successfully. Other points, of minor importance, covered by the appellant's proof need not be set forth in detail.

Despite the fact that both parties seek a termination of their marriage we are not authorized to grant either a divorce in the absence of proof that one of the statutory grounds exists. The decree must therefore be reversed and the case dismissed. The appellee is entitled to recover her costs, but the request for an attorney's fee in addition to that allowed by the chancellor is denied.

Holt, J., not participating.