WOOD *v.* WOOD.

5-2237                                    340 S. W. 2d 393

Opinion delivered November 28, 1960.

*Martin, Dodds & Kidd,* for appellant.

*Rose, Meek, House, Barron & Nash,* for appellee.

ED. F. McFADDIN, Associate Justice. The Chancery Court granted Dr. Wood an absolute divorce; and Mrs. Wood in prosecuting this appeal lists two points:

I. Trial Court Erred by Denying Appellant the Right to Participate in the Trial.

II. There Was No Corroborative Testimony or Evidence Submitted to Sustain the Decree.

The correctness of appellant's position on the second point is so clearly determinative of the appeal that we discuss the second point at the outset.

A. *Lack of Corroboration.* Dr. Wood sought an absolute divorce on the claim that he and his wife had lived separate and apart for three consecutive years (the seventh ground stated in § 34-1202, Ark. Stats.). In a divorce action no complaint can be taken as confessed (§ 34-1207, Ark. Stats.). We have many cases which hold that in suits for absolute divorce there must be corroboration of the plaintiff's testimony. See *Sisk* v. *Sisk,* 99 Ark. 94, 136 S. W. 987; *Shelton* v. *Shelton,* 102 Ark. 54, 143 S. W. 110; *Arnold* v. *Arnold,* 115 Ark. 32, 170 S. W. 486; *Johnson* v. *Johnson,* 122 Ark. 276, 182 S. W. 897; *Fania* v. *Fania,* 199 Ark. 368, 133 S. W. 2d 654; *Gabler* v. *Gabler,* 209 Ark. 459, 190 S. W. 2d 975; and *Saugey* v. *Saugey,* 228 Ark. 110, 305 S. W. 2d 856.

In the light of the foregoing, we examine the evidence offered in the case at bar. Only two witnesses testified: one was the Clerk of the Chancery Court, who testified entirely as to pleadings, continuances, and such procedural matters. The testimony of this witness could not be claimed to have corroborated Dr. Wood in any way as to his ground for divorce. The only other witness was Dr. Wood. He testified most strongly in support of his case. But, the only corroboration offered was the *ex parte* affidavit of William Harris;[1] and this affidavit was offered as an exhibit to Dr. Wood's testimony. We have frequently held that affidavits cannot be used as in-

---

[1] This affidavit was on the stationery of the Veterans Administration Hospital, Perry Point, Maryland, dated March 2, 1960, and reads in full as follows: "TO WHOM IT MAY CONCERN: "This is to certify that Benjamin S. Wood, M.D. was appointed as a resident in Psychiatry in the Perry Point Veterans Administration training program on March 11, 1957 and that he served continuously in the Perry Point Program until September 4, 1959 at which time he was placed on detail to Little Rock, Arkansas.

To the best of my knowledge during Dr. Wood's stay at Perry Point he was never accompanied nor did he live with his wife, Barbara R. Wood.

Very truly yours,
/s/ W. M. Harris, M.D.
Assistant Director, Professional Services for Education.

(Seal of Margaret M. Bell,
Notary Public, Cecil County, M.D.)
/s/Margaret M. Bell
My commission expires 5/1/61."

dependent evidence. *Western Union* v. *Gillis,* 89 Ark. 483, 117 S. W. 749; *Evans* v. *Farris,* 188 Ark. 83, 64 S. W. 2d 325. In *Johnson* v. *Johnson,* 122 Ark. 276, 182 S. W. 897, and again in *Gardner* v. *Gardner,* 142 Ark. 292, 218 S. W. 663, we specifically held that affidavits could not be received as independent testimony and as corroboration in a divorce case. In the last cited case we said:

"The ground urged here for reversal is that the decree was rendered on *ex parte* affidavits. The record sustains appellant in this contention, for it recites that the cause was heard on the affidavits of appellee and two other witnesses . . . Accepting the recitals of the record as true, which we should do on appeal, it is apparent that the decree was based solely on *ex parte* affidavits introduced in evidence, and it has been decided by this court that it is error to accept such character of evidence, and that it cannot be made the basis of a decree for divorce. *Johnson* v. *Johnson,* 122 Ark. 276."

There was no evidence to corroborate the testimony of the plaintiff; and the Chancery Court was in error in awarding Dr. Wood a decree for divorce. The Chancery decree is reversed, and the divorce is annulled.

B. *Disposition of The Case.* In order to do full justice to both parties and to give appellant an opportunity to defend any divorce case against her—a right she claims was denied her in this case—we have concluded that the Chancery Court should, and it is hereby directed to, dismiss the present case without prejudice. Then either party is free to institute a new case if so desired. All costs in the present case are taxed against the appellee, Dr. Wood.

GEORGE ROSE SMITH, J., not participating.