Wood *v.* Wood.

5-2543                                           352 S. W. 2d 176

Opinion delivered December 18, 1961.
[Rehearing denied January 15, 1962.]

*Russell G. Morton* and *Jack Holt, Jr.,* for appellant.

*Rose, Meek, House, Barron, Nash & Williamson,*
for appellee.

PAUL WARD, Associate Justice.   On December 1,
1960 appellee, Benjamin S. Wood, filed a complaint seek-
ing a divorce from appellant, Barbara R. Wood under
Ark. Stats. § 34-1202 based on separation for three con-
secutive years. On January 10, 1961 the trial court, after
hearing the testimony presented by appellee, granted him
a divorce. From the decree of divorce appellant appeals
to this Court, seeking a reversal on the two grounds
hereafter discussed.

*One.* "Trial court erred by failing to follow man-
date of Arkansas Supreme Court." Clearly, there is no
merit in this point. These same parties were previously
before us in Case No. 2237, decided November 28, 1960
(232 Ark. 812, 340 S. W. 2d 393) to which reference is made
for background facts. There Barbara was appellant and
Benjamin was appellee. In reversing that case we said:

"In order to do full justice to both parties and to
give appellant an opportunity to defend any divorce
case against her—a right she claims was denied her in
this case—we have concluded that the Chancery Court
should, and it is hereby directed to, dismiss the present

case without prejudice. Then either party is free to institute a new case if so desired."

The record in this case shows the trial court did exactly as directed when it dismissed the original divorce action. The mandate of this Court required the trial judge to do nothing else.

*Two.* Under the only other ground (or point) relied on for a reversal, appellant says the decree rendered by the trial court is invalid because "It Ignores the Basic Premise of Constitutional Due Process." Again we find no reversible error.

As we understand appellant's argument under this point, as it is presented in her brief, she does not contend the trial court had no jurisdiction over the parties and the subject matter, nor does she contend she was not properly served. However, if the latter be appellant's contention, we do not agree. First, there is no contention she was not properly served by Warning Order in proper form. Second, the Attorney Ad Litem mailed her a registered letter to her last known address which was returned, marked "refused". Third, it is admitted she had actual knowledge of the suit one day before the date of trial.

We gather that the prime contention of appellant is that she did not have adequate time to prepare her defense. At one place in the brief appellant states ". . . appellee hastened to set this matter for trial ten days from the final date of notice to appear." At another place she states "The trial court denied the appellant a reasonable opportunity to be heard and as such—denied due process." Neither of these assertions amounts to a denial of the trial court's jurisdiction. These assertions do suggest the trial court may have abused its discretion in refusing to grant appellant a continuance. However, error, on that basis, is not urged for a reversal. Again, even if we consider this appeal on that basis, we are unwilling to say the trial court abused its sound discretion. There are several circumstances disclosed by the record which could have led the trial

court to believe appellant was merely using delay tactics. For one thing the trial court apparently made a fruitless effort to find out just what attorneys represented appellant, and also whether she had a meritorious defense. It appears that appellant's present attorneys were not employed until after it was too late to formulate the issues raised on this appeal. In fact the record is replete with indications of the lack of due diligence on the part of appellant herself in defending the present suit against her.

Affirmed.

GEORGE ROSE SMITH, J., not participating.