PHILLIPS *v.* NOWLIN.

5-3344                                           382 S. W. 2d 588

Opinion delivered October 12, 1964.

*Richard W. Hobbs,* for appellant.

*Lookadoo, Gooch & Lookadoo,* for appellant.

SAM ROBINSON, Associate Justice. On March 8, 1963, appellee, E. E. Nowlin, filed suit in the Clark Circuit Court against appellant, George Phillips, alleging that defendant was indebted to plaintiff in the sum of $2,-280.00 for past due rent on a store building. Defendant filed a general denial. The case was set for hearing in July, 1963, but defendant obtained a continuance on account of illness. The case was reset for October 15, 1963, and again the defendant obtained a continuance alleging illness. The case was reset for November 1, 1963. On that date it was again maintained that defendant was unable to attend trial.

It was agreed by the attorneys in the case that the deposition of defendant would be taken and the cause submitted to the court in that manner. On November 27, 1963, the attorneys in the case, accompanied by a court reporter, went to defendant's home to take his deposition. He refused to give a deposition contending that he was sick and unable to do so.

The court, sitting as a jury, after having heard the testimony of plaintiff, made a finding in his favor for the amount sued for, $2,280.00. A judgment was rendered

accordingly. Whether a continuance should be granted is in the discretion of the trial court. *Sage* v. *Sage,* 219 Ark. 853, 245 S. W. 2d 398; *Wood* v. *Wood,* 234 Ark. 358, 352 S. W. 2d 176; *Andrews* v. *Lauener,* 229 Ark. 894, 318 S. W. 2d 805.

Here, there was no abuse of idescretion. It does not appear that the trial court was greatly impressed with the testimony of appellant that he was unable to give his deposition on November 27, and neither are we impressed by his statement to that effect.

Affirmed.