## Rayburn T. ADAMS *v.* Juanita ADAMS

5-5792                                        477 S.W. 2d 183

Opinion delivered March 6, 1972

*J. H. Carmichael, Jr.,* for appellant.

*Ivan Williamson,* for appellee and cross-appellant.

J. FRED JONES, Justice. This is an appeal by Rayburn T. Adams and a cross-appeal by Juanita Adams from a decree of the Baxter County Chancery Court wherein the chancellor awarded a divorce to Mr. Adams on his counterclaim against his wife, Juanita Adams, and awarded $125 per month as alimony to Mrs. Adams. The chancellor also ordered a division of the personal property between the parties and ordered a sale of the real property and the proceeds divided, if the parties were unable to agree on its division in kind. Mr. Adams relies on the following points for reversal:

"That the part of the decree or order awarding alimony and a division of the personal property fails to comply with the requirements necessary for a valid decree.

The court erred in ordering the property sold in violation of the statutes of procedure for partition."

On her cross-appeal Mrs. Adams relies on the following points:

"The trial court erred in granting appellant (cross-appellee) a divorce.

The trial court erred in refusing cross-appellant's motions to dismiss cross-appellee's cross-complaint at the end of his testimony and after all testimony had been adduced;

The trial court erred in failing to award cross-appellant at least $225 monthly support money."

Since we must reverse and remand this case under the cross-appellant's first and second points, a discussion of the other points is unnecessary.

This action was instituted when Mrs. Adams filed suit for separate maintenance. The chancellor entered a temporary order for $100 per month support for Mrs. Adams. Mr. Adams filed his answer and counterclaim for an absolute divorce. As grounds for divorce he alleged general indignities consisting of rudeness, neglect, open insult, unmerited reproach, intentional incivilities, all habitually and systematically pursued to the extent that his condition in life has become intolerable. Mrs. Adams filed an answer to the counterclaim denying the alleged grounds for divorce.

Mrs. Adams testified that she and Mr. Adams were married in December, 1945, and that she thought they were getting along fine until September 5, 1970. She said that on that date she and Mr. Adams had breakfast together and discussed the purchase of a new truck. She

said that Mr. Adams then went to town to pick up some lumber to finish a hay shed, and that when he returned from town, she went with him to the hay field where he told her he did not love her any more and that he wanted a divorce.

Mr. Adams testified that the reason he asked Mrs. Adams for a divorce was that she just fussed and "yakked" at him all the time. He said that she would fuss about money, buying equipment, fixing up their place and about any of the necessary things they needed. Mr. Adams testified that he is an iron worker and that on different occasions when he would leave for work Mrs. Adams would say: "I hope you splatter that iron and get hurt today." He also testified to threats of physical violence made to him by Mrs. Adams. These accusations were denied by Mrs. Adams. Most of the other evidence in the case was directed to the extent and value of the property owned by the parties and to Mr. Adams' income and Mrs. Adams' needs. None of the witnesses who testified knew anything about the difficulties between Mr. and Mrs. Adams.

We agree with Mrs. Adams that the chancellor erred in granting a divorce to Mr. Adams. After Mr. Adams had rested his case, the record reveals as follows:

"MR. WILLIAMSON: Your Honor, at this time I move that the cross complaint be stricken in its entirety. There is no evidence whatsoever that would entitle this Court to grant either party a divorce and the only corroborating evidence we have before the Court today is that this defendant deserted her on September 5th.

THE COURT: Hasn't the Legislature by statute eliminated the need for a corroborating witness?

MR. CRAIN: Yes, sir.

MR. WILLIAMSON: As far as that is concerned, this is a contested case at this time, and we certainly think there should be some corroboration, other

than the Defendant's own word. We would like to put a witness on for one matter of rebuttal."

We agree with Mrs. Adams that there was no corroboration of Mr. Adams' testimony as to his grounds for divorce. Apparently this case was tried and the issues determined under the erroneous impression that the 1971 legislature had amended the divorce laws to eliminate the necessity for corroboration of the plaintiff's testmony in proving grounds for divorce in Arkansas. The divorce laws were amended in this area by Act 398 of 1969, now Ark. Stat. Ann. § 34-1207.1 (Supp. 1971), which provides as follows:

"Hereafter in uncontested divorce suits corroboraboration [corroboration] of plaintiff's ground or grounds for divorce shall not be necessary nor required.

This does not apply to proof as to residence which must be corroborated, as heretofore, and does not apply to proof of separation and continuity of separation without cohabitation, which must be corroborated, as heretofore."

It will be noted, however, that the above statute applies to *uncontested* divorce suits. It does not apply to *contested* divorce suits.

In the case at bar, Mrs. Adams did contest the petition of Mr. Adams in which he counterclaimed for divorce. This case, therefore, is controlled by the numerous decisions of this court in which we have held that a divorce will not be granted upon the uncorroborated testimony of a party to the suit. *Sisk* v. *Sisk,* 99 Ark. 94, 136 S. W. 987; *Shelton* v. *Shelton,* 102 Ark. 54, 143 S. W. 110; *Arnold* v. *Arnold,* 115 Ark. 32, 170 S. W. 486; *Leonard* v. *Leonard,* 200 Ark. 1189, 138 S. W. 2d 784; *Stearns* v. *Stearns,* 211 Ark. 568, 201 S. W. 2d 753; *Saugey* v. *Saugey,* 228 Ark. 110, 305 S. W. 2d 856.

We have held that in contested divorce suits the corroborative evidence may be relatively slight since the

purpose of the requirement is to prevent collusion. *Fitzgerald* v. *Fitzgerald,* 227 Ark. 1063, 303 S. W. 2d 576. But there is no corroboration in the case at bar, so we conclude that the chancellor's decree wherein a divorce was granted to Mr. Adams must be reversed.

As to the $125 per month alimony awarded by the chancellor, he had originally awarded temporary support money in the amount of $100 per month on Mrs. Adams' original petition for separate maintenance. The award of alimony falls with the divorce decree but the temporary award is not disturbed by this opinion and shall remain in full force and continue until changed under proper order or decree of the chancellor.

Since the counterclaim for divorce was apparently tried and the decree entered on the erroneous theory that a change in the statutory law had dispensed with the necessity for evidence that otherwise would have been required, we have no way of determining whether the case was fully developed or not. So, in the exercise of our discretion in equity cases, we remand this case to the Baxter County Chancery Court for such further development as the case may merit and require, consistent with this opinion. See *Brizzolara* v. *Powell,* 214 Ark. 870, 218 S. W. 2d 728.

Reversed and remanded.