Johnce L. COPELAND *v.* Charlsa M. COPELAND

CA 81-28                                        616 S.W. 2d 773

Court of Appeals of Arkansas
Opinion delivered June 3, 1981

*Tom Donovan*, for appellant.

*Tatum & Sullivan, P.A.*, by: *Tom Tatum*, for appellee.

GEORGE K. CRACRAFT, Judge. The appellant, Johnce L. Copeland, appeals from a decree granting appellee, Charlsa M. Copeland, a divorce, contending that the appellee failed to state or sufficiently corroborate her grounds for divorce, and that the chancellor erred in awarding properties to their son, Steve Copeland, who was not a party to the action. We agree.

The parties were married in 1946 and now have two grown children. During the course of the marriage the parties separated on more than one occasion and thereafter became reconciled. On October 3, 1979, the appellee finally separated herself from the appellant and remained separate and apart from him since that date.

On May 15, 1980, the appellant filed an action for divorce against the appellee alleging general indignities as his ground for divorce. The appellee answered that complaint and counterclaimed for divorce, also alleging general indignities. At the trial of the cause the appellant elected not to pursue his complaint and the matter was presented on appellee's cross-complaint. At the close of the evidence the chancellor denied appellant's motion to dismiss the counterclaim for appellee's failure to corroborate her grounds; granted her divorce, and made a division of the property of the parties. In the decree, however, he awarded Steve Copeland, a child of the parties who was not a party to the action, certain personal property which appellee testified was his.

Divorce is a creature of statute and can only be granted when statutory grounds have been proved and corroborated. Ark. Stat. Ann. § 34-1212 (Supp. 1979) authorizes the granting of a divorce when one spouse shall have proved that the other has offered such indignities to the person as to

render his or her condition in life intolerable. Personal indignities have been defined in the cases as rudeness, unmerited reproach, contempt, studied neglect, open insult and other plain manifestations of settled hate, alienation and estrangement, so habitually, continuously and permanently pursued as to create that intolerable condition contemplated by the statute. *Sutherland* v. *Sutherland*, 188 Ark. 955, 68 S.W. 2d 1022. It is also well settled by our cases that the testimony of the plaintiff as to the ground for divorce is not sufficient and that same must be corroborated by other testimony. Our cases have also held that in a contested matter in which it is apparent that there is no collusion that the corroboration required may be relatively slight. *Coffey* v. *Coffey*, 223 Ark. 607, 267 S.W. 2d 499. The testimony offered in this case simply does not meet the requirement of the rules regarding corroboration.

The appellee testified that her marriage with the appellant had been a bad one for the past ten years and had reached a point where it was impossible for them to live together. She testified that the conditions under which she lived with him were detrimental to her health, that he had threatened her and that she was afraid of him. She did not testify as to the nature of the threats or why she was in fear. She testified further that her children were not welcome in the home and that this caused her concern. The only corroborating testimony offered was that of the daughter of the parties, Mary Dennis. Although she testified that the parents had been having difficulties for the past ten years, which were becoming progressively worse, she did not testify as to what the cause of those difficulties was, who was at fault, nor of any acts of either party to the other which fall within the definition of the statutory grounds. She did not mention any threats made to the mother or any occasion on which she or her brother were made to feel unwelcome in the home.

Corroborating testimony may not consist of mere generalities, opinions, beliefs and conclusions on the part of the witness but must be directed toward specific language, acts and conduct. If it is not so directed it is not sufficient. *Welch* v. *Welch*, 254 Ark. 84, 491 S.W. 2d 598. Here the

corroborating witness disclosed no facts or actions which would indicate a cause for the estrangement or where the fault lay.

Corroboration as required by laws of divorce is testimony of some substantial fact or circumstance, independent of the statement of a complaining spouse, which leads an impartial and reasonable mind to believe that material testimony of that spouse is true. Where a particular fact or circumstance is vital to complainant's case, some evidence thereof in addition to complainant's testimony is necessary to constitute corroboration. *Gabler* v. *Gabler*, 209 Ark. 459, 190 S.W. 2d 975. Here, Mary Dennis's testimony goes no further than to show that the appellee's statement that she could no longer live with the appellant was probably true. The mere want of congeniality and constant quarrels are insufficient to constitute general indignities justifying divorce. *Settles* v. *Settles*, 210 Ark. 242, 195 S.W. 2d 59. That parties to a marriage are not likely to live together again does not warrant the granting of a divorce on these grounds. *Lipscomb* v. *Lipscomb*, 226 Ark. 956, 295 S.W. 2d 335.

We also agree with appellant that the chancellor erred in awarding disputed items of personal property to the son of the parties who was not himself a party to the action. Third parties may be brought into, or intervene in, divorce actions for the purpose of clearing or determining the rights of the spouses in specific properties. *Lance* v. *Mason*, 151 Ark. 114, 235 S.W. 2d 394. In this case neither was done. The court might also have simply found that the disputed property belonged to neither contending spouse. The trial court had no authority, however, to award the property to a stranger to the action.

Reversed and remanded.